### FREEMAN et al. v. DUNCAN et al.

(Court of Civil Appeals of Texas. San Antonio. May 31, 1911. Rehearing Denied June 28, 1911.)

VENDOR AND PURCHASER (§§ 114, 334*)—CONTRACT—PERFORMANCE—TIME TO PERFECT TITLE.

Defendant contracted to sell certain school lands to plaintiffs and to deliver a perfect title within 40 days from February 15, 1909. On March 17th an abstract of title was furnished, which was not objected to, except for failure to show payment of interest to the state for the year 1908. Defendant thereupon applied to the State Treasurer for a certified statement of the interest paid since the date of purchase, and on April 2, 1909, defendant presented the statement to plaintiffs. On March 27, 1909, plaintiffs wrote defendant that they were ready to close, in case defendant could furnish receipts or certificate of interest payment by the State Treasurer on the land. Held, that such letter operated as a waiver of the provision requiring a conveyance within 40 days and granted defendant a reasonable time to show payment of interest, and, he having done so, plaintiffs could not recover the earnest money.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 202–204, 959–980; Dec. Dig. §§ 114, 334.*]

Appeal from District Court, Floyd County; L. S. Kinder, Judge.

Action by W. H. Freeman and others against A. B. Duncan and others to recover earnest money. Judgment for defendants, and plaintiffs appeal. Affirmed.

Dalton & Graham, Davis & Thomason, and Theodore Mack, for appellants. Mathes & Williams, for appellees.

NEILL, J. This suit was brought by appellants W. H. Freeman and S. M. Stansbury against A. B. Duncan, one of appellees, to recover $500 as earnest money paid by plaintiffs to the defendant, as the agent of Mrs. S. Wingo, on a certain contract, mentioned in our conclusions of fact, for the sale of certain land; the plaintiffs being the vendees, and Mrs. Wingo, acting through her agent, the defendant Duncan, the vendor. Mrs. S. Wingo, who is the other appellee, after the defendant Duncan filed his answer, was also made a party defendant. The case was tried without a jury, and judgment was rendered by the court in favor of the defendants.

#### Conclusions of Fact.

In our view of the case, we need not state the substance of more of the contract upon

which this action is predicated than is pertinent to the issue involved in this case, which is, Was there such a breach of it by defendants as required them to refund the $500 earnest money to the plaintiffs?

It is of date February 15, 1909, and is in the form of a receipt, signed by Arthur B. Duncan, agent for Mrs. S. Wingo, and was accepted by plaintiffs over their signatures. In it Duncan acknowledges the receipt from W. H. Freeman and S. M. Stansbury of $500, earnest money, to close sale to them of one-half of a certain section of state school land, stating the price to be paid by them therefor to be $7,200 and the assumption of $624, due the state school fund thereon, and all interest thereafter to become due thereon. It then stipulates that $4,565.12 are to be paid in cash on delivery of deeds within 40 days from its date, and the assumption by Freeman and Stansbury of the payment of four certain vendor's lien notes executed by Mrs. Wingo on December 15, 1908, for $310 each, which were given in part for the N. W. ½ of said section of land, and also the assumption of four vendor's lien notes executed by J. W. Heard on December 11th to Q. A. Griffin for $340 each, payable, respectively, on December 11, 1909, 1910, 1911, and 1912, all of the eight notes, with accrued interest to date of contract, aggregating $2,635.88, the title to be perfect, or to be made perfect, or the earnest money to be refunded; that deed was to be made at the expense of the vendor, Mrs. S. Wingo; also the abstract of said property to be at her expense, and the taxes for the current year 1909 to be paid by her. The final stipulation in the contract is as follows: "The remaining $4,064.12, of cash payment to be paid within 40 days from this date, and deal closed; said $500 this day received from said W. H. Freeman to be forfeited to said Mrs. S. Wingo, in the event that she executes deeds to said land to said W. H. Freeman and S. Stansbury, showing good title to said lands, in the event said W. H. Freeman and S. Stansbury should fail to comply with their part of this contract by paying the remaining $4,064.12, of cash payment," etc.

Among the findings of the trial court are the following: "Third. That on the 17th day of March, 1909, defendant Duncan, for Mrs. Wingo, furnished the plaintiff's attorney, or the plaintiffs, and they turned it over to their attorney, what purported to be an abstract of title to said land, certified to to that date, showing that said land was state school land, and that there was $624 due the state as principal upon the same; that it was sold under the act of 1895 (Acts 24th Leg. c. 47), as amended by the act of 1897 (Acts 25th Leg. c. 129), in regard to the sale and lease of the public free school and asylum lands at $2 an acre, interest 3 per cent. per annum; that the abstract showed nothing about the interest to the state, whether it had been paid or not; there was no showing of the

interest having been paid for the year 1908; otherwise the abstract was unobjectionable, for the things objected to, besides the interest, were corrected by defendant in due time.

"Fourth. Plaintiff's attorneys submitted an opinion on the abstract of title shown them, and the same was transmitted to defendant Duncan on the 19th of March, 1909, in which plaintiff's attorney pointed out that there was no proof made of the payment of interest due the state, and saying that some showing must be made that the interest has been paid to November 1, 1908; that defendant Duncan immediately set about to obtain a showing that the interest had all been paid up to and including November 1, 1908, and sent to the State Treasurer's office for a full certified statement of the interest on said land, since the day of its purchase, and on the 27th day of March, 1909, the State Treasurer made out said certified showing, and forwarded the same from Austin, and it reached defendants, and on April 2, 1909, defendants presented the same to plaintiff W. H. Freeman; that until then neither the defendant Duncan nor Mrs. Wingo made any showing that the interest for 1908 had been paid, and no showing was made as to said interest until April 2, 1909.

"Fifth. That on March 27, 1909, plaintiff W. H. Freeman wrote to defendant Duncan a letter from Lockney, Tex., in which he stated, after writing in regard to a land deal with O. Holland et al., and returning all the papers in that matter, in said letter as follows: 'We are ready to close deal on the north ½ of sect. 118, block No. 1 (the land subject to said contract), if you can furnish us the interest receipts or certificate of interest payment by State Treasurer on this land. We regret that we cannot close deal for all this land, but cannot and will not buy land without perfect title.' I conclude and find that said letter is a waiver of the failure to furnish the interest receipts, or a showing that the interest was paid on the part of plaintiffs by the 27th of March, 1909, and granted to the defendant a further reasonable time thereafter within which to make the showing that the interest was paid; and that this defendant did within a reasonable time, to wit, on the 2d day of April, 1909, and then offered deed in accordance with the contract with plaintiffs, and showed good title and asked performance on plaintiffs' part, which they refused, and defendant Duncan then paid the earnest money ($500) to defendant Mrs. Wingo."

There is a full statement of the facts introduced in evidence filed with the record in this case; and, when other facts shown by it are looked to in connection with the letter referred to, the last paragraph of the court's findings above stated is fully sustained.

## Conclusions of Law.

From the foregoing conclusions, it follows that the court did not err in rendering judg-

ment in favor of defendants. 3 Page on Contracts, §§ 1502, 1494; Reddin v. Smith, 65 Tex. 28; Metz v. Wright, 116 Mo. App. 631, 92 S. W. 1129.

The judgment is affirmed.