WILLIAM KRAUSE V. ADOLPH SPINN.

Decided June 7, 1899.

1.  Charge of Court—Assault—Shifting Burden.

An instruction that if the jury believe defendant did not commit the assault charged, they should find for defendant, did not shift the burden on defendant, where, in another paragraph, it was distinctly charged that the burden was on plaintiff, and it was reiterated that if they believed, "from a fair preponderance of the evidence" (that is, by the greater weight and credit of the testimony), that the assault was committed, they should find for plaintiff; and the omission of the alternative charge, that if plaintiff failed to make out his case, the verdict should be for the defendant, could not be complained of by the defendant, because he had failed to request special instruction on that point.

2.  Assault—Evidence Warranting Verdict.

For evidence held to warrant a verdict in favor of plaintiff for an indecent assault by defendant on plaintiff's wife, see the opinion.

APPEAL from Washington.    Tried below before Hon. ED. R. SINKS.

Searcy & Garrett, for appellant.

Buchanan & Henderson, for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover damages of appellant, incurred by reason of an indecent assault made upon the person of Bertha Spinn, the wife of appellee, by appellant.    Appellant answered by general denial.    The cause was tried by jury and resulted in a verdict and judgment in favor of appellee in the sum of $500.    We find that appellant entered the home of appellee, while he was absent and no one present but his young wife, and made an insulting proposal to her, and indecently handled her person against her consent and desire.

The second paragraph of the charge was as follows:    "If you believe from the evidence that the defendant did not commit an assault upon the wife of plaintiff, Bertha Spinn, then you will find for defendant." This is objected to by appellant on the ground that it shifted the burden of proof from appellee to appellant, and that it instructed the jury that the only condition under which they could find for the defendant was for him to prove that he did not commit the assault.    In the preceding parts of the charge an assault as applicable to the facts was defined, and the jury was instructed that the burden of proof rested upon appellee to establish his cause of action by a fair preponderance of the testimony, and it was reiterated that if the jury believed "from a fair preponderance of the evidence, that is, by the greater weight and credit of the testimony," that the assault was committed, then that the jury should return a verdict for appellee.    There is no alternative instruction that if appellee failed to make out his case that the verdict should be for appellant.    We do not think the charge shifted the burden of proof, and while the charge was perhaps deficient in not going further and in-

structing the jury that a failure on the part of appellee to make out his cause entitled appellant to a verdict, still it was a mere omission that appellant should have cured by asking a special instruction. A number of cases are cited by appellant to sustain his proposition, but we do not think either of them authority for the proposition that the charge taken as a whole shifted the burden of proof. In the case of Railway v. Burns, 71 Texas, 479, the charge placed the burden of showing that the sickness of the plaintiff did not result from putting her off the train, and to make it reasonably certain that the sickness resulted from her age and state of health, upon the defendant, and as a matter of course the Supreme Court held that it was erroneous. No such charge appears in the record in this case. In the case of Railway v. Lauricella, 87 Texas, 277, the charge devolved upon the defendant the burden of showing itself not guilty of negligence by a preponderance of the testimony and the court held it erroneous, but after discussing the evidence, to demonstrate that the error had not hurt appellant, said: "It may also be doubted whether the jury were misled by the instruction, since they were told in the last paragraph of the charge that the burden of proof was upon the plaintiff to show by a preponderance of evidence his right to recover." The other cases cited throw no light upon the matter under discussion.

It is contended by appellant that the verdict is contrary to and against the great weight of the evidence, but there is no ground whatever for the contention. The testimony showed that appellant knew that appellee was absent from his home, and the latter had requested him not to go to his home in his absence, but for the ostensible purpose of putting glass in the windows of the tenant house owned by him and occupied by appellee and his young wife, he went to the house, and after he got there, in a plain and simple way Mrs. Spinn told how he made insulting and humiliating proposals to her and took indecent liberties with her person. Appellant with great fervor denied having made the assault. The jury who know the witnesses and observed their manner of testifying credited the testimony of the injured woman, and their verdict can not be disturbed. It has ample testimony to sustain it, and the damages were light in view of the evidence.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.