SAN ANTONIO AND ARANSAS PASS RAILWAY COMPANY v. MRS. M. A. KIVLIN.

Decided April 18, 1906.

**1.—Personal Injuries—Previous Ill Health.**

One who is in ill health previous to the occurrence of an injury caused by the negligence of a railroad company is not precluded by such ill health from recovering for such injuries as are the proximate result of the accident.

**2.—Extent or Duration of Suffering.**

It is not possible, and therefore not required, to produce direct or positive testimony of how long a person will live to suffer from permanent injuries. This is ordinarily a question which must be left to the judgment of the jury.

Appeal from the District Court of San Patricio County. Tried below before Hon. E. A. Stevens.

*Stayton & Berry* and *W. F. Timon*, for appellant.—Appellee having alleged and undertaken to sustain by proof the allegation of being in good health prior to the alleged accident, and appellant having alleged and sustained by proof its allegation that in truth and fact appellee's condition was the result of previous bad health and not of the alleged injury, appellant was entitled to an instruction to the effect that if the jury believed from the evidence that if appellee was in bad health prior to the alleged injury, then they should find for the appellant.

The appellee having alleged the impairment or destruction of a state of good health through the negligent act of appellant, and the latter hav-

ing pleaded that such impairment or destruction was not occasioned by its neglect, but was the proximate result of prior accidents suffered by appellee or by reason of prior ill health, and the issue thus joined having been sustained by proof, it was the duty of the court to fully submit the issue under proper instruction and the failure to do so is error, not relieved from by giving an imperfect charge requested by appellant.

*Dougherty & Dougherty* and *D. McNeil Turner,* for appellee.

JAMES, CHIEF JUSTICE.—Plaintiff (the appellee) recovered judgment for $1,000 damages alleged to have been sustained from the negligent handling of appellant's passenger train. The petition alleged that the train had stopped and she was in the act of getting a drink of water at the cooler, when the train was suddenly and violently moved, which threw her violently against the car and water cooler, and thereafter there succeeded several other jerks and jolts of the train which threw her to the opposite side of the car against the wall with great force; that thereby she received severe internal injuries, also that her nervous system was thereby almost entirely shattered and destroyed, etc., detailing a number of particular results; that she was permanently injured, and has been rendered unable to perform her household or ranch duties. She alleged that at the time of the accident she was in good health and able to attend to her household and ranch duties. That the said acts of moving and jerking the car were acts of negligence on the part of defendant's employes and the proximate cause of all her said injuries.

Defendant pleaded general denial and specially that each and all of her injuries complained of were the proximate result of previous accident and bad health.

Defendant asked the following instruction which was refused: "You are instructed that if you believe from a preponderance of evidence that the plaintiff herein was in bad health prior to the alleged injury on July 5, 1904, while a passenger on defendant's train, then you will find for the defendant." This charge was properly refused. A person may be in bad health and yet recover for such injurious effects upon her health as are caused by the negligent act of another. Because a person is an invalid, does not give a wrongdoer license to add to her infirmities. The point which seems to be made is that inasmuch as plaintiff alleged that she was in good health prior to this accident, it was necessary for her to sustain this allegation by proof in order to recover. This is true to a certain extent, that is, she could not recover insofar as her condition was attributable to her previous bad health, as distinguished from such results as were attributable to the accident complained of as the proximate result thereof. It is further contended in this connection that as plaintiff had made the aforesaid allegations and as appellant alleged, and made proof of its allegations, that plaintiff's condition was the result of her previous bad health and not of the alleged injury, the instruction asked should have been given. The instruction, if it had been so worded as to have permitted of plaintiff recovering for such results to her health as were proximately caused by the accident, would doubtless have been given. The charge of the court confined the recovery to such

injuries as were caused by the negligence complained of. The court we find also gave the following charge at appellant's request: "You are instructed that if you believe from a preponderance of the evidence that the plaintiff herein was in bad health prior to her alleged injury . . . and that her present physical condition is the result of such previous ill health then you will find for the defendant."

Under the third and fourth assignments, it is alleged that the charges failed to submit the issue raised by defendant as to the impairment or destruction of plaintiff's health being due to her previous condition, and not to the act complained of. By confining the liability of defendant to such injuries as were caused by the act in question, the charge, indirectly at least, eliminated all injury the result of other cause or causes. But the court did charge directly on the issue by giving the defendant's requested charge last above copied. However, any omission to charge more particularly than was done in the main charge, would not afford ground for reversal, except upon charges requested and refused.

Under the fifth and sixth assignments the contentions appear to be based on the alleged absence of instructions on the defense referred to in the preceding assignments. They relate to the charges that were given on the measure of damages, which are not attacked as improper to give generally in case of this character. One criticism seems to be that there was no evidence to support these instructions in that there was no evidence as to the extent or duration of any physical and mental suffering that plaintiff might be subjected to in the future. Upon this subject the question is ordinarily one which in the nature of things must be left to the judgment of the jury for determination, from the circumstances appearing. Positive or direct testimony of how long a person will live to suffer from injuries that are shown to be permanent can not be produced. There was testimony going to show that plaintiff's, injuries were of a permanent nature. The plaintiff was before the jury in person and her age was shown.

Another objection to the charges is "that it was not shown to what extent plaintiff was incapacitated by the alleged accident, whether same was permanent or how long it might continue, nor that she was expected or was required to perform labor or domestic duties, nor was it shown how long plaintiff might reasonably expect to live and thus establish a predicate upon which to base a finding for permanent injury, nor was it proven what such future services were reasonably worth." The part of the charge to which the above criticism is addressed reads: "And if from the evidence you believe the injuries, if any, are permanent, and that by reason thereof her capacity, if any, to labor and perform her domestic duties will be diminished in the future, you may in estimating the damages also consider her diminished capacity, if any, to labor in the future." As we have already stated there being evidence of permanent injury, and evidence of the fact that her injured condition was such as diminished if not destroyed her capacity to labor, etc., it was for the jury to determine how long in their judgment such conditions would endure and to what extent. There was evidence from which they could determine the extent she had sustained injury in these respects at the time of the trial, and there was sufficient basis for them

to estimate and determine these matters in relation to the future. (Gainesville, H. & W. Ry. v. Lacy, 86 Texas, 244; Houston & T. C. Ry. v. Harris, 70 S. W. Rep., 335.)

*Affirmed.*

Writ of error refused.