MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v.
W. M. HIBBITTS.

Decided March 2, 1908.

**1.—Railroads—Personal Injury—Measure of Damage.**

In an action against a railroad company for damages for personal injuries received while alighting from a moving train at night, the court charged the jury as follows: "You are instructed that, if you find for the plaintiff, you will consider as elements of damage the reasonable value of any loss of time caused by such injuries, if any; any impairment of his ability, if any, to earn wages; the expenses, if any, of reasonable doctor's bills and medicine, not to exceed the amount alleged; any physical pain or mental anguish, if any; and for future mental suffering and pain, if any, that you may believe from the evidence will, with reasonable certainty, be caused by such injuries, if any; and for these different elements of damage you will find that sum of money which, if paid now, will be a just and reasonable compensation for such injuries." Held, not subject to the objections that it is misleading, ambiguous, and permits a double recovery.

**2.—Same—Authority of Conductor.**

The plaintiff having testified, in an action for damages for personal injuries, that the conductor in charge of the train instructed him to jump from the moving train, and the conductor having denied this statement, and testified further that he had no authority from the defendant company to advise or tell any one to jump from a moving train, the court properly refused to instruct the jury to find for the defendant if they believed from the evidence that the conductor had no direct or implied authority from the railroad company to direct the plaintiff to leave the moving train. A conductor in charge of a passenger train is the representative of the company, and must refrain from conduct which would expose a passenger to peril.

**3.—Same—Alighting from Moving Train—Negligence vel non.**

Evidence considered, and held sufficient to support a finding that a passenger was not guilty of contributory negligence in alighting from a moving railroad train.

**4.—Personal Injuries—Testimony of Wife.**

The testimony of the wife as to the physical condition of her husband after his injury, and as to the complaints he made, and, to some extent, what was the effect of the injuries, is competent.

**5.—Trial—Improper Argument.**

A criticism upon the Appellate Court of another State, and upon the judges of such court in argument to a jury, while improper, is not reversible error when the criticism is withdrawn by the attorney making it, and the jury are instructed by the court to disregard the argument.

**6.—Same—Proper Argument.**

Upon the amount of damages to be awarded by the jury an attorney has the right to draw a conclusion from the evidence and discuss to the jury what he thinks would be a proper amount.

Appeal from the District Court of Caldwell County. Tried below before Hon. L. W. Moore.

*A. B. Storey*, for appellant.—The charge of the court on the measure of damages was confusing, uninstructive, ambiguous, and its tendency was to misinform the jury what damages, if any, plaintiff was entitled to. Railway v. Smith, 63 S. W., 1064; Railway v. Hannig, 91 Texas, 347; Railway v. Reichart, 87 Texas, 547.

The court's charge on the measure of damages was not a correct statement of the measure of damages in this case, and allowed the recovery of double damages. Railway v. Clark, 96 Texas, 354; Railway v. Hannig, 91 Texas, 350; Railway v. Anglin, 86 S. W., 786; Railway v. Smith, 63 S. W., 1067; Railway v. Highnote, 74 S. W., 920.

Although plaintiff may have jumped from the moving train upon the advice and at the instance of the conductor, this defendant would not be liable for any injuries caused thereby, unless such advice of the conductor was given while he was acting within the scope of his authority, and the question of whether or not he was so acting, being a controverted one, should have been submitted to the jury for their decision. Railway v. Anderson, 82 Texas, 520; Railway v. Sykes, 96 Ill., 162; Railway v. Cooper, 88 Texas, 610; Lynch v. Railway, 90 N. Y., 77; Lipscomb v. Railway, 64 S. W., 923; Railway v. Boyfield, 37 Mich., 205; McDonald v. Fanchere Bros., 102 Iowa, 496; Railway v. McKee, 99 Ind., 519.

The court erred as shown in bill of exception. The witness, Mrs. W. M. Hibbitts, wife of plaintiff, testifying for plaintiff, was asked the question, "What was the physical condition of plaintiff after the injury?" Because it sought to elicit statements made by the plaintiff to the witness, and would be hearsay, as the witness was not a professional witness, but a nonexpert, the witness over objection was permitted to testify, "that he complained of his back, was troubled by having to get up at night."

On the trial of the cause the witness, Mrs. W. M. Hibbitts, testifying for plaintiff, was asked the question as to his condition since last

court, when there was a former trial of the case, to which question the objection was made by the defendant that it sought to elicit statements of the plaintiff as to his suffering, and that not being an expert said testimony would be hearsay, and an opinion, which objection the court overruled, and permitted the witness to testify, "It seems to me his condition is worse, he complains more of his back and head and of his knees." Gabel v. Weisensee, 49 Texas, 142; Railway v. Smith, 52 Texas, 186; Railway v. Ball, 66 S. W., 879; Moody v. Gardner, 42 Texas, 414; Solomon v. Huey, 1 Posey U. C., 267.

The court erred as shown in bill of exceptions as follows: Upon the trial of the case, the witness, Mrs. W. M. Hibbitts, wife of the plaintiff, testifying, was asked the question, "How about Mr. Hibbitts' suffering; does he suffer much?" to which the defendant objected for the reason that the witness of necessity must have received the information from statements made to her by her husband and that the same would be hearsay.

The court erred as shown in bill of exception as follows: "On the trial of the case in the closing argument to the jury, one of the plaintiff's attorneys used the following language: 'Mr. Storey (attorney for defendant) has not read in your hearing a single case from the Supreme Court of this State, holding that under the facts of this case the defendant would be guilty of such negligence as would bar his right to recover for his damages; the decisions he read to the court in your hearing, are from the Supreme Court of New York, and while I do not think that the cases read hold what he claims, I would suggest to Mr. Storey that the court from which he read is now being charged with being controlled and dominated by the corporate interests of that State, whether truthfully or not I can not state,' because said remarks were intended to and did prejudice the minds of the jury against the defendant and defendant's counsel, and was calculated to make the jury disregard the charge of the court, if in accordance with the decisions read."

The court erred in the trial of the case as shown in bill of exception as follows: "When the attorney for the plaintiff was closing his argument to the jury he used the following language: 'Now, gentlemen of the jury, we come to the amount of plaintiff's damages, and the amount you should find in your verdict. I wish to say to you that it is not my province to say to you what verdict you should render, but it is my duty to state to you what, in my judgment, the testimony in the case shows that the plaintiff in the case is entitled to. In my judgment the testimony shows that the plaintiff is permanently injured and will suffer for the balance of his life, under the evidence in the case I believe that the plaintiff is entitled to recover not less than $5000 or $6000, and I believe you should render him a verdict for said sum,' to which remarks the defendant, by its attorney, in open court, objected for the reason that it was an attempt on the part of the plaintiff to dictate the verdict, and to prevent the jury from finding a verdict estimating their damages on the injuries done to the plaintiff and was calculated to and did influence the jury."

*E. B. Coopwood* and *Hatchitt & Flowers,* for appellee.—The charge is a correct statement of the measure of damages and does not authorize a double recovery. Railway Co. v. Randall, 50 Texas, 254; Railway Co. v. Greenlee, 62 Texas, 324; Railway Co. v. Wilson, 15 S. W., 280; Knittle v. Smith, 40 S. W., 507; Railway Co. v. Warner, 54 S. W., 1064; Railway Co. v. Byers, 70 S. W., 558; Railway Co. v. Logsdon, 71 S. W., 905; Railway Co. v. Robinson, 72 S. W., 70; Railway Co. v. Reynolds, 85 S. W., 1169.

The act of a conductor in charge of a passenger train, in advising a passenger on his train how and when to alight from the train is so clearly within the scope of his authority as to obviate the necessity of submitting that question to the jury. 5 Eng. & Am. Enc. of Law, 643; Thompson's Negligence, sec. 5030; 2 Woods on Rys., sec. 316; Receiver v. Armstrong, 23 S. W., 236; Railway v. Bender, 57 S. W., 174; Galveston, H. & S. A. v. Laprelle, 65 S. W., 488; Dillingham v. Anthony, 11 S. W., 139.

A witness acquainted with the conditions of a person, though not an expert, may testify to facts concerning him within his knowledge and observation in reference to health and physical condition. 5 Eng. & Am. Ency. of Law (1st ed.), 498 and note; 12 Eng. & Am. Ency. of Law (2d ed.), 289, 291; 17 Cyc., pp. 31, 36; 5 Encyclopedia of Evidence, pp. 654-661; Railway Co. v. Zweiner, 38 S. W., 375; Wheeler v. Ry. Co., 43 S. W., 876; Jackson v. Ry. Co., 55 S. W., 376; Railway Co. v. Brown, 69 S. W., 1010; Railway Co. v. Booth, 97 S. W., 128; Railway Co. v. Osteen, 63 S. W., 1039.

FISHER, CHIEF JUSTICE.—This suit was instituted by W. M. Hibbitts against appellant, and was tried on plaintiff's original petition, in which it was alleged that at about 11 o'clock on the night of December 20, 1904, plaintiff entered one of appellant's passenger trains at the station of Lockhart for the purpose of assisting a Mrs. Tucker and her two small children to board the train, to procure seats for them and to assist them with their hand baggage; that at the time he boarded the train with Mrs. Tucker and her children he notified appellant's conductor in charge of the train, and who was at that time standing at the car steps, that he, plaintiff, did not intend to take passage on the train, but was boarding same for the purpose only of assisting Mrs. Tucker and her children, and notified the conductor not to move the train until he had seated Mrs. Tucker and her children and had himself safely alighted from the train; that after plaintiff had boarded the train appellant's agent negligently failed to allow plaintiff reasonable time in which to seat Mrs. Tucker and her children and to alight from the train, but with full knowledge that he was not a passenger, started the train; that plaintiff then hurried to alight, and notified the conductor to stop the train; that the conductor refused to stop the train, but assured plaintiff that the train had just started, was moving slowly, that he could alight in safety, and directed plaintiff to step off the train while it was in motion; that plaintiff was country bred and raised, inexperienced in riding on and getting off trains, and relying upon the assurance of the conductor that he could safely alight from the

train at that time, he stepped off same and fell on and across an iron cattleguard, causing serious injuries to numerously mentioned portions of his body; that defendant did not know of the location of the cattleguard at the point he jumped off and by reason of the darkness could not see same; that plaintiff's injuries were permanent, had caused him and would continue to cause him great pain, etc., for which he prayed judgment for $12,500.

Defendant filed amended answer containing general demurrer, special exception, general denial, and specially answered that if plaintiff leaped from defendant's train, as alleged, that such act was negligent, reckless and in utter disregard of his own safety, constituting contributory negligence on plaintiff's part directly causing his injuries, if any, and barring his recovery; specially denying that plaintiff notified defendant's conductor of his, plaintiff's intention to board the train only for the purposes alleged by plaintiff, and specially denying any knowledge of the conductor of plaintiff's presence on the train, and alleging that there was no necessity for plaintiff to have boarded the train for the purposes alleged, as defendant had ample assistance at hand to have enabled Mrs. Tucker and children to have boarded the train properly and safely; also alleging that defendant's conductor had no knowledge of plaintiff's intention to leave the train until after the train was in motion, when he met plaintiff at the door of the car running towards the steps with the declared intention of jumping off the train; that the conductor prevented plaintiff from so jumping off the train, but stopped the train and assisted plaintiff to alight, and that if plaintiff was injured it occurred subsequent to the time he so alighted.

The general demurrer and special exceptions were overruled and defendant excepted. Trial was had before a jury which resulted in a verdict for plaintiff for $5300, and judgment was rendered accordingly.

We find that there is evidence which tends to establish the facts alleged by the plaintiff, which are substantially as set out in the above statement. The acts there complained of constituted negligence; and we further find that there is evidence which tends to show that the plaintiff was not guilty of contributory negligence in alighting from the train under the circumstances. The injury occurred about 11 o'clock at night, and the plaintiff, it seems, was inexperienced in riding upon and getting on and off of trains, and he did not know the speed at which the train was going or the danger of alighting therefrom, and in so doing he relied upon the statement made by the conductor, in effect, that the train was going slowly and that he could alight with safety.

Appellant's first and second assignments of error complain of the charge of the court on the measure of damages. It is contended that the charge is ambiguous, misleading and permits a double recovery. The charge is to the effect: "You are instructed that if you find for the plaintiff you will consider as elements of damage the reasonable value of any loss of time caused by such injuries, if any; any impairment of his ability, if any, to earn wages; the expenses, if any, of reasonable doctor's bills and medicine, not to

exceed the amount alleged; any physical pain or mental anguish, if any; and for future mental suffering and pain, if any, that you may believe from the evidence will with reasonable certainty be caused by such injuries, if any; and for these different elements of damage you will find that sum of money which if paid now will be a just and reasonable compensation for such injuries." These assignments are overruled.

The third and eighth assignments of error are to the effect that the trial court erred in refusing special instructions to the effect to find for the defendant if from the evidence they believed that the, conductor had no direct or implied authority from the railway company to direct the plaintiff to leave the moving train. If there was any limitation imposed upon the general authority of the conductor, it was not shown to be within the knowledge of the plaintiff. In fact, all the evidence upon this subject is that the conductor testified that he had no authority from the defendant to advise or tell anyone to jump from a moving train. In this connection it is well to say that the defendant did not in its answer deny the authority of the conductor to direct the plaintiff in leaving the train, as pleaded by him in his petition. But, however, there is nothing in the record that would justify the court's submitting this question as requested in these special charges. It is a matter so well understood that no evidence upon that subject is required that a conductor of a passenger train, in the performance of those duties that the railway company owes to its passengers or those rightfully aboard of the train, is the representative of his master, and that in the observance of his duties he must refrain from conduct which exposes the passenger or one rightfully aboard of the train to peril. Whilst it is true in this case, it may be said that the appellee was not entitled to that high degree of care that the railway company would owe to a passenger, still the conductor, as the representative of the railway company, was at least charged with the duty of exercising ordinary care for the safety of one situated as the plaintiff was, who was rightfully aboard of the train. It was within the power and duty of the conductor when the request was made, the train having just started from the depot, to stop the train and permit the plaintiff to alight. Refusing to do this, he undertook to assist or aid the plaintiff in alighting by directing or instructing him what to do. He rested under the duty to exercise the same care to see that plaintiff could alight with safety, as would have been the case if he had undertaken to perform a like duty in stopping the train.

The fourth, fifth, sixth and seventh assignments of error set out instructions practically upon the issue of contributory negligence, which were requested by the appellant and refused by the court. The court in its general charge, and also in a special instruction given at the request of the defendant, covered fully the issue of contributory negligence. Besides, the charges as set out under the fifth, sixth and seventh assignments are argumentative.

The charge requested, as set out under the tenth assignment, is also upon the question of contributory negligence. It was properly

refused, as that ground was covered by the charge of the court, and the special instruction requested by the appellant and given.

The ninth assignment complains of the action of the court in refusing a peremptory instruction to the effect that the plaintiff was guilty of contributory negligence in leaving the moving train. This question is disposed of by our findings of fact. The peculiar facts in the record would justify the conclusion that the plaintiff was in the exercise of ordinary care in leaving the train, and that he acted, in part, under the direction of the conductor, and if there was danger, the indications of danger were not of such a nature to be discovered by the plaintiff.

The eleventh and twelfth assignments complain of the action of the trial court in admitting the evidence of Mrs. Hibbitts, the wife of the plaintiff, testifying as to the physical condition of the plaintiff after his injury, and where he complains he was injured, and to some extent what was the effect of those injuries. The evidence was admissible. (Texas & N. O. Ry. Co. v. Clippenger, 106 S. W., 158; Missouri, K. & T. Ry. Co. v. Zwiener, 38 S. W., 375; Wheeler v. Tyler S. E. Ry. Co., 91 Texas, 356; Jackson v. Missouri, K. & T. Ry. Co., 23 Texas Civ. App., 319; St. Louis S. W. Ry. Co. v. Brown, 30 Texas Civ. App., 57.)

In the bill of exceptions set out under the thirteenth assignment of error, objection is made to the argument of one of the attorneys of the plaintiff. The argument there complained of appears to be a criticism upon the decisions of the Supreme Court of New York, and, to some extent, an attack upon the judges that comprised that court. The bill of exception shows that the jury were properly instructed by the court to disregard that argument, and the argument was withdrawn by the counsel who made it. There is no objection in this record that the verdict is excessive, and in fact there is no attack upon the verdict and judgment of the court below on the ground that it is not supported by the evidence. While the argument was improper, we are inclined to think that upon its withdrawal by the attorney and the instruction by the court, no harmful result followed.

The argument complained of in the fourteenth assignment of error we think was proper. An attorney has the right to draw a conclusion from the evidence and discuss it to the jury as to what he thinks would be a proper amount of damages to be allowed.

The remaining assignments, except the nineteenth, complain of the action of the trial court in overruling demurrers. The plaintiff's petition, in our opinion, states a good cause of action and is not subject to the demurrers urged.

In view of the charge of the trial court, the requested instruction as set out under the nineteenth assignment of error, was properly refused.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.