MISSOURI, K. & T. RY. CO. OF TEXAS v. COKER.†

(Court of Civil Appeals of Texas. Austin. Dec. 13, 1911. Rehearing Denied Jan. 24, 1912.)

1. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION TOGETHER.

Where, in an action for injuries to a passenger defended on the theory that the injuries had been received prior to the accident, and that plaintiff suffered from a disease, charges that the burden was on plaintiff to prove the facts necessary to a recovery, and that unless the jury found from a preponderance of the evidence that plaintiff was injured as alleged, and that such injuries were proximately caused by the acts complained of, and a charge that, if plaintiff's sufferings were caused prior to the accident or by disease, the verdict must be for the carrier, when construed together, were not objectionable as failing to make plaintiff's right to recover depend on his proving by a preponderance of the evidence that the injuries were proximately caused by the negligence complained of.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 295.*]

2. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS.

Where, in an action for injuries defended on the theory that the injuries had been received prior to the accident, or were occasioned by disease, the court properly placed the burden of proof on plaintiff, and required the jury to find that the injuries were proximately caused by the negligent acts complained of, refusal to give a special charge on the burden of proof that the injuries were not proximately caused by disease was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. CARRIERS (§ 347*)—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

A passenger who enters a coach with knowledge that it will be switched is not as a matter of law guilty of contributory negligence by merely reclining in his seat, since he may rely on the carrier doing the switching in a careful manner.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 347.*]

4. DAMAGES (§ 158*)—PERSONAL INJURIES—PETITION—EVIDENCE—ADMISSIBILITY.

A petition in an action for injuries which alleges that plaintiff was permanently injured, in that the bones, cords, muscles, nerves, ligaments, and flesh in his head, neck, spine, back, body, arms, and legs, and especially in and near the cervical and upper dorsal vertebræ in his spinal column, were displaced and lacerated, is sufficient to justify the admission of evidence that he suffered by reason of the displacement of the spinous fluid inclosed within the spinal column.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–446; Dec. Dig. § 158.*]

5. TRIAL (§ 120*)—ARGUMENT OF COUNSEL—EVIDENCE.

Where, in an action for injuries, the evidence showed that plaintiff was 43 years old when injured, that prior thereto he was strong and healthy, except a slight weakness from recent treatment for an attack of rheumatism, that he weighed about 217 pounds, and had been sick very little during his life, and had an earning capacity of $100 per month, the argument of his counsel that the jury should consider whether or not plaintiff would have lived and retained his earning capacity for 20 years longer but for the injuries was justified by the evidence.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 120.*]

6. EVIDENCE (§ 474*)—OPINION EVIDENCE—NONEXPERT WITNESSES.

A nonexpert witness, well acquainted with a person, and present shortly after he was brought home after sustaining an injury, may testify that such person was unconscious when the witness left the house on the evening of the accident, and was conscious the following morning.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 474.*]

7. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.

The error, if any, in permitting a nonexpert witness to testify to a fact, testified to by a physician, is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

8. EVIDENCE (§ 542*)—EXPERTS—COMPETENCY.

A physician who knows the theory of taking of X-ray photographs is competent to testify that the bone can be distinguished from the flesh in an X-ray photograph, and that the bone will make a heavier shade than the muscles.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 542.*]

Appeal from District Court, Williamson County; Chas. A Wilcox, Judge.

Action by L. B. Coker against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex S. Coke, W. E. Spell, and Luther Nickels, for appellant. T. J. Lawhon and Cooper Sansom, for appellee.

RICE, J. Appellee while a passenger on appellant's railway was injured at Granger, Tex., by the collision of an engine with the train upon which he was riding, and brings this action against appellant to recover damages therefor. Appellant defended upon the theory that plaintiff's injuries, if any, were occasioned by former injuries received by him at the hands of others, and, further, that he was guilty of contributory negligence

---

in reclining upon a seat of the coach in which he was riding at the time of the accident.

The facts show: That on the 22d of January, 1909, appellee, while a passenger, going from Bartlett to Georgetown, on appellant's line of railway, just before reaching Granger was directed by one of the servants of appellant to go into the next coach, as they intended to set out at Granger the coach in which he was riding. He did so, and while waiting at Granger the car into which he had entered was suddenly run into by an engine, and he was thrown from the seat upon which he was reclining onto the floor of the car with great violence, and injured. That soon after the occurrence he became unconscious, and remained so until 10 o'clock that night, and was thereafter confined to his bed for a period of 40 days. That he suffered great pain, and was permanently injured by reason thereof. It also appears from the evidence that the plaintiff prior to this time had suffered from rheumatism and from kidney trouble, and it further appeared that during the fall of 1906 he had been "shanghied"; that is to say, had been violently assaulted at Houston, tied, gagged, and taken on board a launch and carried down Buffalo Bayou to the Gulf, and thence to Galveston, where he was placed in the hull of a ship, and compelled to work at hard labor, shoveling coal into the furnaces for a period of four months, during which time he had been severely flogged by his captors, finally escaping from said vessel at Portland, Or., from which point he traveled to his home at Arcadia, Tex., by way of rail, during which time he suffered great mental distress and anxiety on account of his condition and his failure to communicate with his family and friends. There is some evidence from experts indicating that this treatment would likely have brought about a neurotic or nervous condition, and might have been the cause of plaintiff's present trouble.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which this appeal is prosecuted.

[1, 2] The first assignment insists that the court erred in refusing to give the following special charge requested by appellant: "Gentlemen of the jury, you are instructed to return a verdict for the defendant, unless you find from the preponderance of the evidence that the injuries, if any, complained of by plaintiff, were and are proximately due and caused by rheumatism, if any, or kidney trouble, if any, or both such rheumatism and kidney trouble, if any, shown by the evidence, if any, to have been suffered by plaintiff prior to January 22, 1909, unless you find for plaintiff upon some other issue, if any." By its proposition thereunder appellant contends that the existence of rheumatism and kidney trouble in plaintiff prior to January 22, 1909, having been shown by plaintiff in the development of his case, the burden of proving

that the injuries complained of were not proximately caused or contributed to by such rheumatism or kidney trouble or both was upon the plaintiff.

The second assignment complains that the court erred in the eleventh paragraph of its charge to the jury, because it insists that by said paragraph the jury were instructed to find for the plaintiff, unless they believed from the evidence that the injuries of which he is complaining were caused by rheumatism or kidney trouble, whereas, under the law, the burden of proof was upon the plaintiff to show, by a preponderance of the evidence, that the injuries of which he complained were caused proximately and directly by the negligence of the defendant as alleged, and not by rheumatism or kidney trouble.

By its third and fourth assignments it is insisted that the court erred in the eleventh paragraph of its charge because it imposed a lighter burden of proof upon plaintiff than was required by law.

These respective assignments, in effect, present the same question, and therefore may be grouped and treated together. We think, when the eleventh paragraph of the court's charge is taken in connection with paragraphs 2 and 9 thereof, it will appear that the burden of proof was not shifted from the plaintiff to defendant, but was placed thereby on the plaintiff. The court in its main charge instructed the jury as follows: Paragraph 2: "The burden is on the plaintiff to prove all the matters and facts necessary to entitle him to recover by a preponderance of the evidence." The ninth paragraph instructed the jury as follows: "On the other hand, you are instructed to find for the defendant, unless you find from a preponderance of the evidence that plaintiff was injured in all or some of the respects as alleged by him in his petition, and that such injury or injuries, if any, were directly and proximately caused by a sudden move or jerk of the car in which plaintiff was a passenger; and if you further believe that a very careful and prudent person, under the same or like circumstances, would not have moved or jerked said car, if you find it was so moved or jerked." Paragraph 11 of the court's charge reads as follows: "You are further instructed that if you believe from the evidence that the plaintiff is suffering in the respects alleged by him, but if you further believe that his sufferings in such respects, if any, were caused by any injuries received by him during the year 1906, or were caused by rheumatism or kidney trouble, or were received by him on any occasion, or in any manner otherwise than through the negligence, if any, of the defendant, as alleged by plaintiff in his petition, or if you believe that plaintiff is suffering from hysteria, and that his injuries, if any, exist only as a condition of plaintiff's mind, and that he was not in fact injured, as alleged by plaintiff in his petition, then you will find for the defend-

ant." So it will be observed that the court in its main charge expressly places the burden of proof on the plaintiff, making his right to recover depend upon his showing by a preponderance of the evidence that his injuries were directly and proximately caused by the negligence of the defendant in the respects set forth in his petition. It seems to us that defendant's rights were properly conserved by paragraph 11 of the court's charge, which affirmatively presented appellant's theory of the case to the jury, and directed them to also find for it in the event they should believe that plaintiff was suffering in the respects alleged by him, but that such suffering was caused by rheumatism or kidney trouble,' or received by him on any occasion or in any manner otherwise than through the negligence, if any, of appellant. See Krause v. Spinn, 21 Tex. Civ. App. 510, 52 S. W. 91; Railway Co. v. Byrd, 40 Tex. Civ. App. 315, 89 S. W. 993; Railway Co. v. Kivlin, 42 Tex. Civ. App. 633, 93 S. W. 709; Railway Co. v. Burke, 36 Tex. Civ. App. 222, 81 S. W. 774; Railway Co. v. Lauricella, 87 Tex. 279, 28 S. W. 277, 47 Am. St. Rep. 103; Railway Co. v. Wright, 19 Tex. Civ. App. 47, 47 S. W. 57. Believing that the court's charge properly placed the burden of proof upon the plaintiff and required the jury to find affirmatively, as a condition precedent to his right to recover, that his injuries were proximately caused by the negligent acts of the defendant, and that the 11th paragraph thereof was not subject to the criticism made against it, and that the special charge requested was properly refused, the several assignments above mentioned are overruled.

[3] The fifth assignment complains of the insufficiency of the court's charge on the subject of contributory negligence. It is insisted by appellant that the fact that plaintiff was reclining on one of the seats of the car at the time of the injury, having entered the car with the knowledge that it would likely be switched, was such an act of contributory negligence as would defeat his recovery. We do not believe that the evidence raises the issue of contributory negligence. We cannot conceive how it can be held that a passenger by merely reclining upon his seat could be held to be guilty of contributory negligence. If there was any error in the charge, it was in favor of appellant. Plaintiff was not bound to anticipate that defendant would be guilty of negligence in switching the car. On the contrary, he had the right to rely upon its performing its duty in this respect in a careful manner.

[4] It is contended by appellant in its sixth, seventh, and eighth assignments of error that plaintiff, having set up specific acts of injury growing out of the negligent acts of the defendant, should not be allowed to prove any act of injury other than those set out in his pleadings, and seeks to apply the rule thus invoked to the case in hand by requesting two special charges to the effect that the jury could not consider any injury or pain shown by the evidence, if any, suffered by plaintiff by reason of the displacement of the spinous fluid, shown to be inclosed within the spinal column or the cartilage or disc located between the vertebræ and the spinal column, even though they should find from the evidence that such injury or displacement, if any, of said fluid or disc was caused through the negligence of the defendant. The plaintiff's allegations in this respect were that by reason of the negligence of the defendant in suddenly moving his car plaintiff was "painfully, seriously, and permanently shocked, wounded, broken, bruised, crushed, and injured, in that the bones, cords, muscles, nerves, ligaments, and flesh in his head, neck, spine, back, body, arms, and legs, and especially in and near the cervical and upper dorsal vertebræ in his spinal column, were thereby displaced, broken, strained, torn, paralyzed, wounded, bruised, and lacerated; and it is impossible for plaintiff to allege more specifically what bones, muscles, nerves, and ligaments were so injured as aforesaid." Granting the correctness of the rule contended for, we think the allegations, as above set out, were sufficiently specific to cover the injuries proven, for which reason these assignments are overruled. See Railway Co. v. Mitchell, 72 Tex. 171, 10 S. W. 413; Railway Co. v. Edling, 18 Tex. Civ. App. 171, 45 S. W. 407; Railway Co. v. Brown, 30 Tex. Civ. App. 57, 69 S. W. 1011; Railway Co. v. Martin, 98 Tex. 322, 83 S. W. 675; Railway Co. v. Gerald, 128 S. W. 168.

[5] It appears that Cooper Sansom, Esq., counsel for plaintiff, addressing the jury, among other things, stated: "You are entitled to consider whether or not the plaintiff would have lived and retained his earning capacity for 20 years longer but for these injuries." Exception was taken by appellant to these remarks, and a special charge requested, instructing the jury to disregard them, which was refused by the court, and these rulings are the basis of the ninth assignment of error, on the ground that there was no evidence in the record with reference to the number of years through which plaintiff would likely have lived and retained his earning capacity. While it is true that there was no evidence offered showing the expectancy of the plaintiff, yet there was sufficient other evidence upon which to predicate these remarks. The proof showed that he was 43 years of age at the time he was injured; that he was strong, robust, and healthy, except a slight weakness from recent treatment for an attack of rheumatism; that he weighed about 217 pounds at the time of the accident; and that he had been sick very little during his life, and that his earning capacity prior to the injury was $100 per month, for which reason we think there was no error shown in the respect here complained of. See Railway Co. v. Compton, 75 Tex. 667, 13 S. W. 667; Railway Co. v. Hib-

bitts, 49 Tex. Civ. App. 419, 109 S. W. 228; Railway Co. v. Paschall, 41 Tex. Civ. App. 357, 92 S. W. 446.

[6, 7] We do not think there was any error in permitting Mrs. Ruth Sterling, a neighbor, to testify that the plaintiff was unconscious when she left his house on the evening of the accident, and was conscious the next morning, because we think it was not necessary that she should be an expert to give her opinion in this respect; it appearing that she was well acquainted with the plaintiff and was present shortly after he was brought home. In addition to this, it appears that this evidence was adduced on cross-examination, and, even if error, it was harmless, for the reason that the physician testified to the same fact.

[8] Nor do we think there was any error in permitting Dr. Thomas to testify that the bone can be distinguished from the flesh in an X-ray photograph, and that the bone would make a heavier shade than the muscles, etc., because it appeared that this witness had sufficient knowledge relative to the theory of taking such photographs as to permit him to make the statement complained of.

The remaining assignments have been considered, but are regarded without merit, and are therefore overruled.

Finding no reversible error in the record, the judgment of the court below is affirmed.

Affirmed.