MISSOURI, K. & T. RY. CO. OF TEXAS v. CHURCHILL. (No. 57-2773.)

(Commission of Appeals of Texas, Section A. May 28, 1919.)

1. APPEAL AND ERROR ⊜=604—RESERVATION OF EXCEPTIONS—AGREEMENTS OF ATTORNEYS—SUFFICIENCY.

An agreement between attorneys of plaintiff and defendant that a bill of exceptions was presented and filed at the trial and could be considered by the Court of Civil Appeals as part of the transcript cannot be considered by the Supreme Court for any purpose when not filed in the trial court, authenticated by the trial judge, nor incorporated in the transcript.

2. APPEAL AND ERROR ⊜=274(7)—RESERVATION OF EXCEPTIONS—SUFFICIENCY.

An exception by defendant in a personal injury action "to the rulings of the court in not submitting to the jury defendant's special issues Nos. 1 to 12" is insufficient, under Acts 33d Leg. c. 59, amending Rev. St. 1911, art. 2061 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), providing that the ruling of the court as to instructions shall be regarded as approved unless excepted to as provided in the act, since it fails to show that the request was made in the time and manner required by the act.

3. APPEAL AND ERROR ⊜=273(10) — EXCEPTIONS—SUFFICIENCY.

Where but one general exception is taken to the action of the court in refusing to give several distinct charges or issues, it is not entitled to consideration on appeal if one or more of such charges or issues should not have been given.

4. CARRIERS ⊜=320(29), 347(12) — PERSONAL INJURY ACTIONS — BOARDING AND ALIGHTING—QUESTIONS FOR JURY.

Where plaintiff, who had assisted his mother and two children to board defendant's train, was injured while alighting from the train after it had started, on the conductor's refusal to stop the train to let him off after being requested to do so and with notice of plaintiff's object in boarding the train, the issues of negligence and contributory negligence were for the jury.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by S. A. Churchill against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff was affirmed by the Court of Civil Appeals (171 S. W. 517), and defendant brings error. Affirmed as recommended by Commission of Appeals.

Baker, Botts, Parker & Garwood, of Houston, John L. Darrouzet, of Galveston, and John T. Garrison, of Houston, for plaintiff in error.

Morsene Johnson, Roy Johnson, and Elmo Johnson, all of Galveston, S. L. Staples, of Smithville, and C. L. Black, of Austin, for defendant in error.

STRONG, J. This suit was brought by S. A. Churchill against the Missouri, Kansas & Texas Railway Company of Texas to recover damages on account of personal injuries alleged to have been received through the negligence of defendant company.

The facts, briefly stated, show that on the day of his injuries plaintiff accompanied his mother and two children to the Union Station in Galveston for the purpose of assisting them in boarding defendant's train. He entered the train for that purpose and began arranging their seats and baggage; but, before he accomplished this, the conductor gave the signal for the train to start, and it began to move out. Plaintiff immediately requested the conductor to stop the train and let him off. This the conductor refused to do. Plaintiff then undertook to alight from the train, and in doing so his head came in contact with an iron support of the shed under which the train was moving, knocking him from the steps of the coach to the ground and inflicting the injuries complained of.

Plaintiff alleged in his petition, and the jury found in answer to special issues submitted, that before entering the train, plaintiff informed the conductor of his purpose in boarding the train; that the train was not held a sufficient length of time to allow plaintiff to get off; that plaintiff waited a reasonable length of time for the train to be stopped after he requested the conductor to let him off; and that defendant was guilty of negligence in using the track in such close proximity to the post with which plaintiff came in contact in his effort to alight from the train. The jury also found that plaintiff was not guilty of contributory negligence in his conduct after the train started.

Judgment was rendered in the trial court for plaintiff, which was affirmed by the Court of Civil Appeals. 171 S. W. 517.

In granting the writ of error, the Supreme Court was inclined to the view that the Court of Civil Appeals erred in refusing to consider defendant's fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth assignments of error, which are predicated upon the action of the trial court in refusing to submit to the jury certain special issues requested by defendant. The Court of Civil Appeals refused to consider these assignments because it did not appear from the transcript that a bill of exception was reserved to the action of the trial court in refusing to submit the special issues requested.

This case was tried under the Practice Act of 1913 (Laws 33d Leg. p. 113), which was still in force at the time the case was acted upon by the Court of Civil Appeals. By the terms of that act, article 2061, R. S. 1911, was amended so as to read as follows:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided in the foregoing articles." Vernon's Sayles' Ann. Civ. St. 1914, art. 2061.

This writ of error was granted prior to the decisions of the Supreme Court in the case of Railway v. Dickey, 108 Tex. 126, 187 S. W. 184. In that case the court, after carefully reviewing the various provisions of the act of 1913, and construing them in connection with other provisions of the statute then in force, said:

"The effect, therefore, of amended article 2061 is to require the taking of a written bill of exception to the giving or refusing of a special instruction in order to have a revision of the court's action on the appeal."

There is no bill of exception in the transcript to the action of the court in refusing to submit the special issues requested, but it is insisted that the following agreement filed while the case was pending in the Court of Civil Appeals is sufficient to show that a proper bill of exception was reserved in the trial court:

"Comes now the defendant in the above styled and numbered cause (M., K. & T. Ry. Co. v. Churchill), and excepts to the ruling of the court in not submitting to the jury defendant's special issues Nos. 1 to 12, and now files same in this cause."

Signed by attorneys for defendant.

"It is agreed that above bill of exception was presented and filed at the trial, and can be considered by the Court of Civil Appeals as part of the transcript in this case."

Signed by attorneys for plaintiff and defendant.

"June 5, 1914.

"Filed in Court of Civil Appeals June 12, 1914."

[1-3] This agreement was not filed in the trial court, nor does it purport to have been signed or in any manner authenticated by the trial judge. It is not incorporated in the transcript, and, in our opinion, cannot be considered for any purpose. McDowell v. Fowler, 80 Tex. 587, 16 S. W. 431; Carlton v. Krueger, 54 Tex. Civ. App. 48, 115 S. W. 619, 1178. But, if considered as a part of the record, the exception contained therein is clearly insufficient under the Act of 1913, because it does not show, either standing alone or when considered in connection with the record as a whole, that the request to submit said special issues was made within the time and in the manner required by said act. It may also be stated in this connection that the agreement merely shows one general exception to the refusal of the court to submit eleven different issues which were requested at one time and in one charge. Some of these issues were in substance submitted in the main charge of the court, and others call for a finding upon matters which could not affect the judgment to be rendered. Where but one general exception is taken to the action of the court in refusing to give several distinct charges or issues, it is not entitled to consideration on appeal, if one or more of such charges or issues shuold not have been given. Hovey v. Sanders, 174 S. W. 1025.

The record failing to show that a proper bill of exception was taken to the action of the trial court in refusing to submit the special issues requested, we conclude that the Court of Civil Appeals did not err in refusing to consider the assignments of error based thereon.

[4] Under other assignments, it is insisted that the evidence fails to show that the defendant was guilty of negligence which proximately caused plaintiff's injuries, and that plaintiff was guilty of contributory negligence as a matter of law. We think the questions raised by these assignments were correctly determined by the Court of Civil Appeals. The issues of negligence and contributory negligence were issues of fact which the trial court properly submitted to the jury for their determination. 2 Hutchinson on Carriers (3d Ed.) § 991; Huchingson v. Railway, 55 Tex. Civ. App. 229, 118 S. W. 1123; Railway v. Hibbitts, 49 Tex. Civ. App. 419, 109 S. W. 228; Traction Co. v. Bryant, 30 Tex. Civ. App. 437, 70 S. W. 1015.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.