## CLOWE & COWAN, Inc., v. MORGAN.

### No. 5304.

Court of Civil Appeals of Texas. Amarillo.

May 12, 1941.

Rehearing Denied Sept. 8, 1941.

864

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

Griffin & Morehead, of Plainview, for appellee.

JACKSON, Chief Justice.

Thomas J. Morgan, the appellee, instituted this suit in the District Court of Hale County against the appellant, Clowe & Cowan, Inc., to recover $500 for injury to his truck and $1,500 for personal injuries which he alleges he sustained in a collision between his truck and an automobile of appellant and that the damages he suffered were occasioned by the negligence of Harry L. Pool, the agent of appellant.

The appellee pleaded that on January 3, 1940, while traveling the highway between Plainview and Olton his engine developed trouble; that it was about sundown or dark and he steered his truck off of the paved portion of the highway to work on it; that he found the trouble, had gotten the motor to running and started back on the road and with the front of the truck on the paved slab and the rear of the truck off of the pavement the motor again stopped and left the truck standing diagonally to the highway; that he was unable to move his truck as it was loaded with household goods and furniture, the shoulders of the road were wet and muddy and he stood in front of the truck trying to crank the engine and while in that position Harry L. Pool, the agent of appellant, while in the course of his employment, traveling toward the city of Plainview at a high and dangerous rate of speed exceeding forty-five miles per hour, ran into

the truck which resulted in the damages thereto and the personal injuries to appellee.

No complaint is made of the sufficiency of the petition to allege the negligent acts of appellant's agent upon which a recovery was had so we deem it unnecessary to state in greater detail the different acts of negligence or the injuries and damages asserted inasmuch as the findings of the jury in answer to special issues submitted by the court will disclose the fact issues in controversy.

The appellant answered by general demurrer, general denial and pleaded contributory negligence consisting of numerous acts of omission and commission, all of which are sufficiently revealed by the answers of the jury to the issues submitted by the court on contributory negligence.

In response to special issues submitted the jury found that the collision was not the result of an unavoidable accident; that Harry L. Pool was driving at a rate of speed exceeding forty-five miles per hour at the time of the collision; that he was not keeping a proper lookout; that there was a sufficient clear space on the paved portion of the highway opposite appellee's truck to permit the safe passage of Pool in his automobile; that the lights of approaching cars neither alone nor in connection with the unlighted condition of appellee's truck was the sole proximate cause of the collision and did not in law constitute a new and independent cause; that appellee's truck had been stopped on the highway less than fifteen minutes at the time of the collision; that each of the acts of negligence so found was a proximate cause of the collision and appellee's damages. The jury also found that appellee was not negligent in permitting his truck to remain on the highway in a diagonal position at the time of the collision; nor in failing to set out flares and other warnings to approaching vehicles; nor in standing in front of his truck in an effort to start the motor; nor in failing to keep a lookout for approaching vehicles; that it was not dark enough at the time of the collision to require lights and that the unlighted condition of appellee's truck was not a proximate cause of the collision; that appellee's truck had been damaged in the sum of $60 and he had suffered personal injuries in the sum of $1,374. To this was added the agreed hospital expense of $382.

On these findings the court rendered judgment on July 23, 1940, including said expense, that the appellee have and recover of and from appellant the sum of $1,816 with interest thereon at the rate of 6% per annum from date until paid and all costs of suit, from which judgment this appeal is prosecuted.

The appellant urges as error the action of the court in refusing to direct a verdict in its behalf because it asserts the testimony failed to show that Henry L. Pool was the employee of appellant or that he was not an independent contractor. Mr. Pool, called as a witness by appellee, testified that he was engaged in selling irrigation and pump equipment not for himself but for Clowe & Cowan, Inc.; that he was so engaged on January 3, 1940, the day of the collision; that he was returning from Earth near Hereford where he had been to contact Mr. Coker for Clowe & Cowan in an effort to sell him a pump; that he was in charge of the Plainview office of appellant, was driving a car that belonged to it at the time of the accident and had been connected with the business of appellant since 1938; that he traveled the entire territory assigned to Clowe & Cowan which consisted of several Panhandle counties; that the hours, days and weeks he worked, the prospects he sought and the places he visited were left more or less to himself; that on week-ends he made out a route sheet and sent it to appellant giving his probable location on each day of the following week; that what Clowe & Cowan wanted was for him to get business, that was what he was for, and just so he succeeded, the company left him somewhat to his own discretion. This is the entire testimony on the connection and relationship existing between Mr. Pool and the appellant and it is in the record unquestioned and unchallenged. It is sufficient to show that Mr. Pool was engaged in selling irrigation and pumping machinery, not in his own behalf but for Clowe & Cowan; that he was so engaged at the time of the collision; was returning from an effort to sell a prospective purchaser in the car furnished him by Clowe & Cowan. We think the testimony is sufficient to warrant a finding that Mr. Pool was an employee of appellant.

In Taylor, Bastrop & Houston Railway Company v. Warner et al., 88 Tex. 642, 32 S.W. 868, 870, the court says: "Every person who is found performing the work

of another is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the person for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist."

See, also, Buckley v. Gulf Refining Co. et al., Tex.Civ.App., 123 S.W.2d 970; Broaddus v. Long, Tex.Civ.App., 125 S.W.2d 340, affirmed by the Supreme Court in 135 Tex. 353, 138 S.W.2d 1057.

The testimony having shown that Mr. Pool was working for appellant and the prima facie case thus made was not conclusively rebutted, a peremptory instruction would not have been warranted.

The appellant by proper assignments says that if it was not entitled to a directed verdict because appellee failed to show that Mr. Pool was an employee or agent or had some relation to appellant that would render it liable for his torts then in any event there was a fact issue as to such relationship which required that the issue be submitted to, and determined by the jury.

The appellant made no objection to the charge of the court for failure to submit such issue and did not request the submission of such an issue but presented its complaint for the first time in its motion for rehearing. It cites several decisions and contends with much force and plausibility that it was the duty of appellee to see that the issues of whether Mr. Pool was an employee of, and engaged in the course of his employment for appellant at the time of the collision were submitted to the jury, if not by the court on his own initiative, then at the request of appellee, and secure favorable findings thereon in order to recover. The authorities cited apparently support appellant's contention but we do not consider that an extended discussion of the construction of article 2190, Vernon's Annotated Civil Statutes, would contribute anything to the jurisprudence of the state.

In Moore v. Pierson, 100 Tex. 113, 94 S.W. 1132, 1134, Judge Williams of the Supreme Court, after a discussion of the statute, concludes in this language: "The consequence must necessarily be that when the trial court has expressly submitted some issues and excluded others, and neither party has put in writing a request for the submission of those excluded, they must be regarded in the appellate court as having acquiesced in such action and consented for the trial judge to determine from the evidence the issue not submitted. It is only by a written request that the party puts on record his dissent from the action of the court and his insistence upon the right to have the jury, rather than the judge, decide the point at issue."

In the case of Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, Associate Justice Sharp, speaking for the Supreme Court, says in effect that since the decisions on the subject are in hopeless conflict and in view of the confusion that has resulted from the different constructions of said article the court has decided to re-examine the question and re-announce the rules relative to the submission of special issues, approves the quotation above from the Moore opinion and reaffirms the rules as therein announced. As we understand the holding in the Pepper case the question here presented was decided therein adversely to appellant's contention.

See, also, Texas Employers Insurance Association v. J. W. Reed, Tex.Civ.App., 150 S.W.2d 858.

The appellant assails as erroneous special issue No. 14 submitted by the court over its objection that it was entitled to have the issue make specific references to the circumstances surrounding the accident, the darkness, the absence of lights or other signals. Special issue No. 14 reads as follows: "Do you find from a preponderance of the evidence that the plaintiff was guilty of negligence in standing in front of his truck in the position he was in at the time of the collision in question?"

The appellant alleged that the appellee himself was guilty of negligence under the particular circumstances surrounding the accident in the position he occupied with reference to his own truck. The appellee had alleged the diagonal position of his truck to the road, the absence of lights and the necessity of cranking the motor on his truck.

A reference to the issues submitted on contributory negligence discloses that the court submitted whether the appellee was negligent in having his truck in a diagonal position or in failing to put out flares or other warnings or in standing in front of his truck or in failing to keep a lookout,

all of which were answered in favor of appellee. These issues covered all of the issues of contributory negligence pleaded and all the circumstances surrounding appellee at the time of the collision. Issues must be confined to the particular contributory negligence pleaded and must not be on the weight of the evidence. Northern Texas Traction Co. v. Singer, Tex.Civ.App., 34 S.W.2d 920.

The appellant challenges as erroneous special issue No. 14 set out above also for the reason it asserts the issue imposes on Clowe & Cowan the burden of proving contributory negligence notwithstanding the testimony of appellee tends very strongly to show contributory negligence on his part as a proximate cause of the injuries he received in the collision.

■■ In our opinion the testimony does not show that appellee was guilty of negligence as a matter of law, hence, the court correctly placed the burden on appellant to show contributory negligence.

In Houston & T. C. R. Co. v. Harris, 103 Tex. 422, 128 S.W. 897, 899, the Supreme Court, speaking through Justice Williams, in considering the specific law question with which we are confronted, says:

"But these propositions are true because he has in fact furnished the evidence of his negligence, and not because any rule of law ever exacted proof of its absence. Expressions in some of the opinions which may seem to mean that the state of the evidence in particular cases may affect the application of the rule of law as to the burden of proof are inaccurate. The rule of law as it is established in this state is that negligence, whether of the plaintiff or defendant, must be affirmatively shown, and this puts the burden on the party alleging it to make it appear either by evidence furnished by himself or by availing himself of that furnished by his adversary or by both.

"It is therefore useless to assign as error in this court the refusal of a trial court to instruct the jury that the burden of exculpating himself from the charge of contributory negligence is on the plaintiff. If, as we have already said, the evidence actually adduced, whether that of one or of both the parties, admits of but one rational view, and that is that plaintiff has been guilty of contributory negligence, the court should end the case by deciding or instructing against him. But if the evidence is

such as to require the submission of that question to the jury at all, the fact that some or all of it may come from plaintiff does not alter the rule of law as to the burden of proof; it is still incumbent on the party who makes the charge to maintain it throughout by making the evidence preponderate in his favor. The evidence still must affirmatively show contributory negligence."

See, also, Jordan v. Morten Inv. Co., 127 Tex. 37, 90 S.W.2d 241; Texas Pac. Fidelity & Surety Co. et al. v. Hall, Tex.Civ. App., 101 S.W.2d 1050; Fort Worth & R. G. Ry. Co. v. Ross et al., Tex.Civ.App., 54 S.W.2d 561, writ refused.

What we have said disposes of the contention of appellant that special issue No. 15 was erroneous.

The appellant contends that special issue No. 18 with the accompanying instruction was erroneous, inasmuch as the court therein assumes as a fact the loss by appellee of future earning capacity and fails to limit the inquiry to such damages as are the direct and proximate result of the negligence of Harry L. Pool. Special issue No. 18 inquired of the jury what amount of money would reasonably compensate the appellee for the injuries suffered in the collision. To guide the jury in their deliberation on this issue the court advised them as follows:

"In connection with this issue you are instructed that in arriving at your answer you may consider only the physical suffering, if any, and past and future loss of earning capacity directly and proximately resulting from said injuries not considering hospital and medical expenses and damages to his truck."

The record shows that appellee was in good health and sound of body and limb previous to the accident on January 3, 1940, when the collision under consideration occurred. There is no claim that he had been injured, disabled or incapacitated wholly or partially on any previous occasion. There is no contention that prior or subsequent to such collision appellee had suffered from any ailment or disease which independent of the injuries inflicted in the collision contributed to his incapacity, past, present or future.

Note the court limited the damages that could be awarded to "loss of earning capacity directly and proximately resulting from said injuries". What incapacity? The incapacity which resulted from the col-

lision January 3, 1940, between his truck and appellant's car.

■ In response to proper special issues the jury had found that the negligence of appellant was a proximate cause of appellee's injuries from which his incapacity resulted and the jury could not have been misled by the failure of the court to restrict the inquiry to the damages that were the direct and proximate result of the negligence of appellant. Southwestern Bell Telephone Co. v. Ferris, Tex.Civ.App., 89 S.W.2d 229; Smith v. Triplett, Tex.Civ. App., 83 S.W.2d 1104; Texas Utilities Co. v. Dear, Tex.Civ.App., 64 S.W.2d 807; Missouri, K. & T. Ry. Co. of Texas v. Hibbitts, 49 Tex.Civ.App. 419, 109 S.W. 228; Missouri, K. & T. Ry. Co. of Texas v. Box, Tex.Civ.App., 93 S.W. 134; Texas Central Railway Co. v. Stewart, 1 Tex.Civ. App. 642, 20 S.W. 962. In our opinion the court considering the entire charge did limit the inquiry of the jury to such damages as were the direct and proximate result of the negligence of the appellant but, in any event, the charge was not misleading.

■ The appellee testified that he was a farmer, was fifty-eight years old; that in the collision his left leg was broken between the ankle and his knee, his jaw broken; that he was in the hospital for a month under the treatment of physicians; that his leg was kept in a cast until shortly before the trial in July, a little over six months after the accident; that the cast was replaced by a brace which he was still using at the trial; that the broken bone had not healed; that he had been unable to work since the injury; that he was qualified to do manual labor only. However, the issue of his future incapacity, the submission of which is complained of in the assignment, did not depend entirely on the testimony of appellee since it is common knowledge that a man of his age injured as he admittedly was and who had not recovered would be incapacitated to some extent to do manual labor in the immediate future. In addition to these circumstances Dr. Hansen testified to the fracture of the leg; that it was placed in a cast for several months; that appellee still required treatment; that the broken bone was not entirely united at the time of the trial and in his opinion the appellee could not follow any gainful occupation for several months thereafter. This testimony in the record without dispute is sufficient to show that appellee would suffer incapacity in the future and since not a controverted issue of fact the court was authorized to find on the future incapacity.

The judgment is affirmed.