## HEIRS OF REDDIN V. HARRIET SMITH ET AL.

### (Case No. 1756)

1. PRACTICE— EVIDENCE— RESCISSION— INTEREST.— A parol sale of the lands in controversy was made in 1859 ; the vendee paid a yoke of oxen on the purchase, made valuable improvements, and in 1863 paid $100 on the purchase. He died, and his widow married again in 1868. The wife and her second husband leased the premises to the father of defendants in December, 1868 ; the land was sold under execution against the original vendor, and the purchaser sold to the lessee ; the wife and children of the original vendee brought suit against the heirs of the lessee. *Held:*

(1) The second husband of the vendee's wife, though separated from her, was, as they had not been divorced, a proper party plaintiff.

(2) As the lessee was dead and the suit was against his heirs, plaintiffs could not testify to conversations and transactions with him, but if such testimony did not injure defendants, it was no ground for reversal.

(3) The rights of the wife could not be affected by declarations of her second husband, unless they were made in her presence. (8 Tex., 178.)

(4) The acts and declarations of the original vendor could not affect the rights of his vendee. He had waived time as an essential feature of the original contract, and could not rescind that contract without first giving his vendee, or his heirs, distinct notice of his purpose to require the purchase money within some reasonable period.

(5) A bill of exceptions to the exclusion of testimony must show what the testimony would have been, or what was proposed to be proved by the witness.

(6) In the absence of proof of the interest to be paid by the vendee on the balance of the purchase money, the jury was properly instructed to calculate interest at 8 per cent.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

The opinion states the case.

*Read & Read,* for appellants, as to conversations with deceased parties, cited: R. S. art. 2248, 329; 2 Tex., 378; 4 Tex., 286.

On rescission by the vendor they cited: Tom. *v.* Woolhofer, 61 Tex., 278; Hale *v.* Baker & Rice, 60 Tex., 218 ; Burgess *v.* Millican, 50 Tex., 397; Rogers *v.* Blum, 56 Tex., 6 ; Thompson *v.* Westbrook, 56 Tex., 266 ; Roosevelt *v.* Davis, 49 Tex., 464 ; McCarty *v.* Moorer, 50

Tex., 290; Webster v. Mann, 52 Tex., 416; Ufford v. Wells, 52 Tex., 612; Baker v. Compton, Id., 252; Jackson v. Palmer, Id., 427; Peters v. Clements, Id., 142; Estes v. Browning, 11 Tex., 247; Secrest v. Jones, 21 Tex., 121; Scarborough v. Arrant, 25 Tex., 130; Greenl. on Ev., vol. 1, secs. 108, 109 and notes.

No brief for appellant reached the reporter's hands.

ROBERTSON, ASSOCIATE JUSTICE.—In 1859 W. M. Love made a parol sale of the land in controversy to Jno. E. Smith, the first husband of Harriet Smith, and father of the other appellees. Smith paid upon the purchase a yoke of oxen, entered upon the land and made valuable improvements, and in 1863, paid upon the land the additional sum of one hundred dollars. Smith entered the Confederate service in 1862, and, before leaving, removed his family to Cherokee county. He died in the army, and after his death, his brother, D. B. Smith, as agent for his widow and children, kept the place rented until 1867, when the appellees returned to it. In 1868 D. B. Smith married his brother's widow, and they continued to occupy the land until December, 1868, when D. B. Smith let the premises for the succeeding year to D. H. Redden. In December, 1868, the land was sold under execution against W. M. Love, and bought by G. H. Love, and in April, 1869, G. H. Love sold to D. H. Redden. Since December, 1868, the property has been occupied by Redden, and after his death, by his widow and heirs, the appellants. On July 8, 1873, appellees brought this suit for the land, tendering the balance of the purchase money due upon their purchase from W. M. Love. Afterwards, by amendment, this tender was withdrawn upon an averment that the rents and revenues of the land enjoyed by appellants and D. H. Redden exceeded the sum due by them for the land.

The appellees prevailed in the suit, and the appellants complain of several matters as error, which will be noticed in the order in which they are presented in the brief of appellants' counsel.

1. D. B. Smith, as the husband of Harriet E. Smith, though separated from her, was, as they had not been divorced, a proper party plaintiff in the suit, and as D. H. Redden was dead, and the suit was against his widow and heirs, Smith ought not to have been permitted to testify to conversations or transactions with Redden. He testified that in December, 1868, he let the premises to Redden for the year 1869, and stated the terms of the contract. The terms of the contract bore upon no issue submitted to the jury, and the fact that Redden took possession

of the land originally as the tenant of the Smith's was testified to by Mrs. Reddin, and was not disputed by appellants. The appellants, therefore, were not injured by the improperly admitted testimony of D. B. Smith.

2. It was determined by this court on the former appeal of this case that the declarations of D. B. Smith could not affect the rights of Mrs. Smith, unless they were made in her presence. Citing 8 Tex., 178. The bill of exceptions reserved to the exclusion of the testimony as to Smith's declaration, shows that the declarations sought to be proved were made at Mrs. Smith's house, and that she was at home; but it is not made to appear that she heard, or was in a situation to hear them. Without this they were not admissible.

3. It was also held on the former appeal of this case that the acts and declarations of Love could not affect the title of his vendee. The rejected testimony tended to show that Love had rescinded the sale to Jno. E. Smith. If he had the right to rescind, the testimony was material. Did he have this right? More than a reasonable time had elapsed for the payment of the purchase money, and its prompt payment had been waived. Tom. *v.* Woolhofer, 61 Tex., 278. If he had sued for the land, the appellees would have had the right to pay the balance of the purchase money, and defeat his action. *Id.* He brought no suit and gave no notice of his purpose to rescind. He recognized appellees' right to the land upon payment of the purchase money, and he had no right to a rescision of the trade without giving them distinct notice of his purpose to require the purchase money to be paid within some reasonable period. After waiving time, as an essential feature in the original contract, he could not deprive appellees of the benefit of the contract without giving them an opportunity to make the payments, the time for which he had indefinitely postponed by his own acts. No declaration of Love made or communicated to Redden could deprive appellees of their right to the land, and the evidence of these declarations, if admitted, could, therefore, have had no proper effect upon the result of the suit.

4. The witnesses, Thomas Petty and Robert Williamson, were asked by appellants what improvements D. H. Redden had put upon the land; an objection was sustained to the questions, and appellants excepted, but the bill of exceptions does not show what the witnesses would have answered, or what the appellants proposed to prove. If the testimony the questions were calculated to elicit was material, we cannot hold that the improper refusal of the court to allow the questions to be answered is reversible error. The witnesses may have answered that they did not know. When testimony is excluded and

the point is saved, the bill must show what the testimony would have been, or what was proposed to be proved by the witness.

5. The appellant, in offering to prove the value of timber sold and used off the land in controversy, did not state the value; the value is not stated in the bill of exceptions, and we are asked to reverse the judgment on the ground that testimony was excluded which ought to have been admitted, and which, when admitted, for aught that appears, may have been wholly insufficient for the purpose for which it was offered.   If the value of the timber used, and of the rents of the unimproved property, while it remained in the possession of the appellees, aggregated a sum sufficient to compensate appellees for all the improvements made by them and Jno. E. Smith, whether their equity to a specific performance would not be thus neutralized, would be a question, but that question is not raised by the bill of exceptions in the record.

6. The court below, in the charge, properly assumed that no such case was proved as would entitle W. M. Love to rescind without the consent of appellees. · As already stated, appellees were entitled to notice of the purpose to rescind, and an opportunity to pay the balance of the purchase money, neither of which was given.   Without such notice and opportunity Love's sale of the land to Smith could, as stated in the charge, be rescinded only by the consent of both parties to the trade.

7. There was no proof of the interest to be paid by Smith upon the balance of the purchase money due by him.   The statement of D. B. Smith, that he supposed the rate was *ten per cent.*, as that was usual in land trades, was not the proof of an agreement between Love and Jno. E. Smith.   The court, therefore, properly directed the jury to estimate the amount due as purchase money by appellees, by calculating interest at the rate of *eight per cent. per annum* from the date of the contract of purchase.

We find no error in the judgment, and it is therefore affirmed.

                                                    AFFIRMED.

[Opinion delivered December 15, 1885.]