## PH. HATZFELD v. W. S. WALSH.

### Decided May 5, 1909.

**1.—Partnership—Pleading—Evidence.**

Pleading and evidence are held to present the issue of the existence of a partnership between plaintiff and defendant, where one owned the property of the business, receiving a monthly rental therefor, and the other contributed services, the net profits being divided.

**2.—Charge—Evidence.**

A charge is properly refused when unsupported by evidence.

**3.—Charge.**

A requested charge is properly refused where the matter is covered by instructions already given.

**4.—Partnership—Net Profits—Interest—Rents.**

In arriving at net profits of a partnership, deduction from the gross profits for interest on the investment of the partner owning the property is not to be allowed, though provided for by the original contract, where a subsequent agreement provided for substituting a monthly rental instead of interest. The owner was not entitled to both interest and rent.

**5.—Evidence—Objections.**

Objections to evidence not made when it was offered, but raised by subsequent motion to exclude it, are addressed to the discretion of the court.

**6.—Evidence—State of Accounts.**

Testimony of a witness as to the state of accounts of a partnership was not objectionable on the ground that the books were the best evidence, where it does not appear that the witness was testifying as to the contents of the books, rather than matters of his personal knowlege as a manager of the business.

**7.—Evidence—Harmless Error.**

Admission of evidence is not ground for reversal where the same facts were proven by other and uncontroverted evidence.

**8.—Evidence—Bill of Exceptions.**

A bill of exceptions to the exclusion of evidence should show what the testimony of the witness would have been if admitted.

**9.—Evidence—Books of Account.**

Testimony as to whether certain items were included in the accounts on partnership books was inadmissible from a witness who did not keep the books.

**10.—Evidence—Profits of Business.**

On the issue as to the profits of a business during a certain year, evidence as to the profits in other years was not receivable.

**11.—Statute of Frauds.**

A contract which may or may not be performed within a year is not required to be in writing.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Clarence H. Miller,* for appellant.—The allegations of the plaintiff's petition show that he was employed as a manager of the business, which was entirely owned by the defendant; that he was to receive as such manager a salary for his services and share in the net profits, if any were made; that he was not to be responsible for any of the losses of the business; that the defendant was to get no part of the net profits, but merely interest upon his money invested in the business. In other words, the petition did not allege a partnership. The testimony of both plaintiff and defendant and of their witnesses shows that the written partnership agreement under which the Austin Candy Mfg. Co. did business expired by its own terms December 31, 1904, and that a verbal agreement was made early in January, 1905, between plaintiff, defendant and one Spears, under which the plaintiff as manager and Spears as superintendent were to give their services at a stated monthly salary and were to receive in addition the net profits, if any were made, after the business had paid all expenses of operation and had paid to defendant eight percent interest on the money he had invested. In other words, under the evidence viewed from any standpoint, there was no partnership, but plaintiff was to receive an interest in the net profits as compensation for his services as manager. There was no partnership: Buzard v. Bank, 67 Texas, 89-93; Brown v. Watson, 72 Texas, 221; Connerly v. Lyons, 82 Texas, 669.

The court erred in overruling defendant's special exception to the effect that plaintiff sought in his petition to hold defendant liable for transactions which occurred throughout the year 1906, upon a verbal agreement made more than a year preceding such transactions, whereas under the Texas Statute of Frauds the defendant could not be held liable under such circumstances. Rev. Stats., art. 2543, subd. 5; Moody v. Jones, 37 S. W., 379; Chase v. Hinkley, 2 L. R. A., 738, new series; Wohl v. Barnuum, 116 N. Y., 87.

*Geo. E. Shelley* and *Warren W. Moore,* for appellee.—It was not error for the court to refuse to submit special charge No. 1, requested by defendant, to the effect that there was no issue of partnership in this case, because there was ample evidence to justify the submission of such an issue. Kelley Island L. & T. Co. v. Masterson, 93 S. W., 427; Ball v. Britton, 58 Texas, 57; Goode v. McCartney, 10 Texas, 193.

RICE, ASSOCIATE JUSTICE.—This suit involves a question of partnership between the parties heretofore conducted under the name of the Austin Candy Manufacturing Company, and was brought by appellee against appellant to recover one-half of the net profits alleged to have arisen from said partnership business during the year 1906.

There was a jury trial resulting in a verdict and judgment in behalf of appellee for the sum of $1,338.09, from which this appeal is prosecuted.

Believing that the pleading, as well as the evidence, properly raised the issue of partnership between the parties hereto, we overrule the eighth assignment of error complaining of the refusal of the court to give appellant's special charge to the effect that there was no issue of partnership in the case.

Appellant requested the following special charge: "The jury are instructed that in determining whether there were any net profits, if they considered that question, they will not take into consideration any increase in the value of the assets of the business which belonged exclusively to defendant." The refusal of this charge is the basis of appellant's tenth assignment of error, wherein it is insisted that if there was any increase in the value of the assets of the business, that under the uncontroverted testimony the same belonged to the defendant; therefore, no part of such increase could be considered as a part of the gross profits, and the evidence having raised such issue, the court should have given said special charge. This charge, in our judgment, was properly refused, first, because there was no evidence in the record showing or tending to show any increase in the value of the real estate for 1906; and, second, because the court in its main charge had already told the jury that the real estate should be excluded from the items of expense to be deducted from the gross profits in arriving at what would be the net profits of said business for said year.

By his eleventh, twelfth, fifteenth and sixteenth assignments appellant urges that the charge of the court was erroneous in that it told the jury that, in arriving at the net profits of said business, no interest should be charged upon the value of the real estate belonging to the defendant and used in said business, because the same was contrary to the pleadings in this, that the petition alleged that he was to participate in the net profits and that the same should be ascertained by deducting from the gross profits, among other things, interest on the reasonable amount of the defendant's investment of property used in connection with the business, etc., and hence to eliminate said item would be error. Appellee contends that the charge was not erroneous, because while the original agreement as pleaded contemplated the allowance to appellant of eight percent interest on the value of the real estate used in the business, this agreement was subsequently changed by the parties, and appellant was thereafter allowed, in accordance therewith, a monthly rental of $200 in lieu of such interest, as shown by the undisputed evidence. This being true, notwithstanding the fact that the original contract as pleaded contemplated that this item should be deducted, still, by virtue of the agreement of the parties, it was no longer an issue in the case; hence the court correctly told the jury to disregard the same from the items of expenses to be deducted from the gross profits, by which the net profits would be ascertained. We therefore overrule all of these assignments.

By his thirteenth, fourteenth, seventeenth and twenty-fourth assignments appellant, in effect, contends that the charge of the court was upon the weight of the evidence in that it assumed as a fact what constituted net profits and what gross profits in the business in question, instead of leaving to the jury the determination of those issues.

We do not believe that the charge of the court is subject to this criticism, and therefore overrule these assignments.

By his third assignment, appellant urges that "the court erred in admitting the testimony of the plaintiff referred to in defendant's first bill of exception, as to what the books of the company showed with reference to the charging of interest on the value of the real estate used by the company in its business, and as to the rent for the use of such real estate, and as to the conversation between the plaintiff Walsh and the bookkeeper, regarding such interest, because the books were the best evidence on that subject, and as the books were in court there was no necessity to resort to secondary evidence as to the contents of same." While the bill of exception does show that the plaintiff testified that he noticed that the bookkeeper had charged eight percent on the real estate account, and had charged the business with. all the insurance and taxes and every other expense connected with it, and had stated that the ledger showed this, and that $200 a month rent was charged in addition to the eight percent interest which he told the bookkeeper to "cut out," as he could not charge interest and rent both on the same property, still, it further appears from the bill that this testimony first went in without objection and afterwards a motion to exclude the same was made and overruled. In the case of Railway Co. v. Lamothe, 76 Texas, 223-4, where a similar condition to the one here presented was disclosed by the record, and the refusal on the part of the court to withdraw from the consideration of the jury the evidence which had been admitted without objection was assigned as error, our Supreme Court in passing upon the question said: "Objections not made to the introduction of evidence when it is offered, but afterwards in the form of a motion to exclude, generally deserve less favorable consideration than when made at the time. Usually some reason for the delay in urging the objection ought to be made to appear, and the decision upon such objection ought to be left more to the discretion of the trial court than when the objections are interposed at the proper time. No reason is shown for not making the objection when the evidence was offered, and it does not appear that it was not a proper exercise of the discretion of the court to refuse the motion because it came too late."

We are inclined to think that the question here involved falls within the rule above announced. Besides, the bill does not exclude the idea that the witness was testifying to facts which he knew outside of and independent of the books, it appearing from the testimony that he was the general manager of the concern and had an intimate knowledge of its transactions. Apart from this, we are inclined to believe that if there was any error committed that it was harmless, and appellant was not prejudiced thereby, because the same facts were shown by other uncontroverted evidence in the case and without objection on the part of appellant.

For a similar reason we overrule the seventh assignment of error.

By his fourth assignment appellant complains of the action of the court in refusing to permit Charles Schwab to testify whether the item of $288.16, which appeared in the statement of the bookkeeper as an item of interest due Miss Theis, should or would appear in any

other items of said statement which was read in evidence to the jury. The bill of exceptions in this particular fails to show what the answer of the witness would have been to this question, and in the absence of such statement as to what he expected to show by said witness, the ruling of the court in this respect can not be revised. (Milliken v. Smoot, 64 Texas, 171; Overstreet v. Manning, 67 Texas, 664; Hereford Cattle Co. v. Powell, 13 Texas Civ. App., 496.) Apart from this, the objection ought to have been sustained, because it did not appear that said witness kept the books or had any personal knowledge of their contents, but, on the contrary, it appeared that another party kept said books. (McKay v. Overton, 65 Texas, 85.)

We do not think there was any error in declining to permit witness Schwab to testify as to what the books showed with reference to a profit or loss of the business in 1905, because the suit involved the question of profits of said business for the year 1906 only; the testimony was therefore irrelevant and immaterial.

By his second assignment it is claimed that "the court erred in overruling defendant's special exception to the effect that plaintiff sought in his petition to hold defendant liable for transactions which occurred throughout the year 1906 upon a verbal agreement made more than a year preceding such transaction, whereas, under the Texas statute of frauds, the defendant could not be held liable under such circumstances." We overrule said assignment, because it appears from said petition that said contract had no definite time to run, and might or might not have been performed within one year.

The remaining assignments all question the sufficiency of the evidence to support the verdict. We are constrained to believe that there is ample evidence in the record to sustain the finding of the jury and overrule these assignments.

Finding no reversible error in the record, the judgment of the court below is in all things affirmed.

<em>Affirmed.</em>

Writ of error refused.