SOCKWELL v. SOCKWELL et al.
(No. 1303.)

(Court of Civil Appeals of Texas. Texarkana. April 29, 1914. Rehearing Denied May 21, 1914.)

1. GIFTS (§ 48*) — GIFTS INTER VIVOS — EVIDENCE.

Where a will contest and an action of trespass to try title were consolidated and heard together, the proponent claiming the land in controversy under the will and the contestants under a parol gift from testatrix prior to her death, a witness was properly permitted to testify that, about two years before the execution of the will, testatrix stated that she had given the property to contestants, and would that day deliver possession; such being admissible, not on the issue of the execution of the will, but to prove the gift inter vivos.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 87–94; Dec. Dig. § 48.*]

2. TRIAL (§ 91*) — RECEPTION OF EVIDENCE — EFFECT OF FAILURE TO OBJECT TO EVIDENCE.

When evidence is not objected to when offered, unless good reason for the delay is shown, the court has a wider discretion in passing upon its admissibility upon motion to strike out.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 242–244, 252; Dec. Dig. § 91.*]

3. WILLS (§ 164*) — PROBATE — EVIDENCE.

In a will contest, where the issue was whether the proponent procured its execution by fraud, a letter, written by proponent to his uncle, seeking to borrow money, and stating, "If you could know what I know which is coming to you and your family through my work I think you would remember me," was properly admitted; it being shown that, under the will, the uncle's wife received a good share.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 403–414; Dec. Dig. § 164.*]

4. APPEAL AND ERROR (§ 1050*) — HARMLESS ERROR — EVIDENCE.

Though testimony was objectionable, its admission was not ground for reversal, where testimony to the same effect was admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

5. WILLS (§ 165*) — PROBATE — EVIDENCE — ADMISSIBILITY.

Declarations by testatrix, at or about the time of the alleged execution of a will offered for probate, disclosing unfriendly feeling towards persons who were beneficiaries under the will, were relevant and material in a contest charging fraud, as tending to show that testatrix did not knowingly and willingly make the bequest.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 415–420; Dec. Dig. § 165.*]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Application by Melvin Sockwell to probate will of Mrs. Catherine Hale, deceased, in which Mrs. Mattie Sockwell and others were contestants, consolidated with an action of trespass to try title by Mrs. Mattie Sockwell and others against Melvin Sockwell. From a judgment for contestants and plaintiffs, contestee and defendant appeal. Affirmed.

J. H. Morgan, Neyland & Neyland, and Sherrell & Starnes, all of Greenville, for appellants. Clark & Leddy, of Greenville, for appellees.

HODGES, J. In April, 1912, the appellant, Melvin Sockwell, filed in the county court of Hunt county an application for the probate of an instrument purporting to be the last will of Mrs. Catherine Hale, deceased. It was alleged in the application that Mrs. Hale died on the 7th day of February, 1912, leaving an estate valued at $25,000. The instrument offered as her will was dated June 13, 1907, and contained, among others, a provision bequeathing to the appellant, her grandson, an undivided half interest in a lot in the town of Greenville on which were standing some brick buildings. James F. Sockwell, a son-in-law, was appointed executor without a bond. This application was contested by Mrs. Mattie Sockwell, joined by her husband, James F. Sockwell. The contestants alleged that the instrument offered was not the will of Mrs. Catherine Hale; that it was not signed by her, nor by any one authorized by her; that if in fact Mrs. Hale did sign the paper, she did so under a misapprehension of its contents, believing that it bequeathed to Mrs. Sockwell the entire interest in the brick buildings referred

to. It was further charged that the execution of the instrument was procured by the fraud of the appellant and one Byron Logan, together with other persons unknown to contestants; that these parties exercised an undue influence over Mrs. Hale, and through fraud and deception induced her to sign the instrument. When the cause came on for trial in the county court a judgment was rendered admitting the will to probate. From this judgment the contestants prosecuted an appeal to the district court. While the contest was pending in the county court the appellees, Mrs. Sockwell joined by her husband, filed in the district court of Hunt county a suit against the appellant in the form of an action of trespass to try title, in which it was alleged that Mrs. Hale during her lifetime made a parol gift of the lot in controversy to the plaintiff, and that the latter had, on the faith of that gift, entered into possession and had made permanent and valuable improvements on the property. The petition also set out in detail the character of the improvements, when made, and the value claimed as the result of each. This suit and the application to probate the will were consolidated and tried on June 11, 1913. A judgment was rendered refusing to probate the will, and in favor of Mrs. Sockwell for the property sued for.

The case was submitted to a jury on special issues, and the finding of the jury was, in substance, as follows: (1) In 1905 Mrs. Hale gave the lot in controversy to Mrs. Sockwell, and delivered possession to the latter with the intention that the property should thereafter be that of the donee. (2) That Mrs. Sockwell, with the knowledge and acquiescence of Mrs. Hale, made permanent and valuable improvements upon the property as follows: Sidewalks adjacent to the property, $750, improvements on the lot and other paving, $1,268.50, and that the property had been enhanced in value by reason of these improvements to the extent of $3,000. (3) That Mrs. Hale did not understand the contents of the paper offered for probate as her will by the appellant, and was induced to have her name signed thereto by fraud and deception.

The evidence shows that Mrs. Hale was 92 years old at the time of her death, and had been blind and in feeble health for several years prior thereto. Her condition was described as being as helpless as that of a child, and it was shown that she required constant attention. Much of her time during her later years had been spent with her daughter, Mrs. Sockwell. It also appeared from the evidence that Mrs. Hale had made two other wills prior to 1907; one in 1902, and another in 1905. In the will of 1905 all of the lot in controversy was bequeathed to Mrs. Sockwell, whereas under that of 1907 Mrs. Sockwell only received an undivided half interest, the other going to the appellant.

[1, 2] During the progress of the trial M. M. Chandler, one of the witnesses to the will of 1905, testified that he had signed that will as a witness, that he remained for some time thereafter and talked with the family, and that Mrs. Hale remarked that she would never bother him any more about witnessing another will, and then explained why she had changed a former will—that she had given the brick property to her daughter, Mattie Sockwell, and would turn it over to her that evening, for her past kindness and favors. This testimony was admitted without any objection. Some time thereafter the defendant moved the court to strike out all that part in which the witness stated what she (Mrs. Hale) was going to do with reference to turning over the property to Mattie Sockwell. The ground of this objection, as shown by the bill of exception, is as follows: "Because the same related to something that she was going to do in the future which might not be done." The refusal of the court to sustain that motion is the basis of one of the assignments of error. In her suit filed in the district court, which was then being tried, Mrs. Sockwell was relying upon a parol gift from her mother, coupled with possession and valuable improvements made, and not upon the will, as the basis of her claim to the property. By the testimony of this witness the donor is represented as saying that she had given the property to Mrs. Sockwell, and would that evening deliver possession. The manifest purpose of this testimony was to prove a gift inter vivos, not to disprove the execution of the will of 1907. We think the testimony was admissible as against the objection urged. 6 Enc. Ev. pp. 211, 212, and cases cited in the notes. But even if this evidence was subject to the objection, it cannot be said that the court abused his discretion in refusing to exclude it after it had once been admitted without objection. When an objection is delayed without showing some reason for so doing, the court has a wider discretion in passing upon the admissibility of testimony than when an objection is made at the time the testimony is offered. Ry. Co. v. Lamothe, 76 Tex. 223, 13 S. W. 194; Ry. Co. v. Andrews, 29 S. W. 920. The bill of exception gives no reason why an objection was not sooner made, nor does it appear from any other portion of the record that there was any good reason for the delay.

[3] Appellees offered in evidence the following letter from the appellant: "Denver, Colo., May 15, 1911. Mr. J. J. Alexander, Santa Anna, Texas—My dear Uncle: No doubt you may be surprised to hear from me, but I knowing you to be a friend and true—*at that*—I do not hesitate in asking you my want. Now Uncle I went broke this A. M., which I am very sorry to state to you, in fact it is the first time that I have ever been in such a fix for quite a few years. Yesterday (May 15th) I was worth $5000.00

cash at the bank, but to-day I am worth only what I can show. Now if you have a few dollars you can spare for a few days please accommodate me and send to address I may give you (J. J. please never say anything about me writing you.) I have made money fast since coming out here, but J. J. you know it takes all for man to exist on this kind of a game, but if you can favor me do so at once, for I know it will be to your advantage some time. *Now* I would not you to ever mention me writing you for this—for I know if you could see me and know what I know which is coming to you and your family through my work I think you would remember me by the past. So Uncle J. J. A. if you can favor me kindly do so at *once* and for *God sake* and mine say nothing. Yours devotedly, Melvin Sockwell." On the margin of the second page of this letter appeared the following: "J. J. A. Please never say anything about me writing you." This was objected to upon the ground that on its face the letter had no reference to the will offered for probate, and was irrelevant and immaterial. In their contest the appellees had charged fraud and deception in the execution of the will of 1907, and it was permissible for them to prove those facts by circumstances. We think it was for the jury to determine, under all the facts, whether or not this letter referred to that will. Appellant was present in court at the time, and had an opportunity to explain the letter and to show what he was referring to, if not to the will. This he failed to do. If he was referring to this will, the language used was strong evidence of fraud. It was shown by a comparison of the two wills that under the last the wife of the party to whom the letter was addressed received a larger portion of the property than under the will of 1905.

[4] In the third, fourth, and sixth assignments of error the appellant complains of the admission of testimony, mainly upon the ground that it was irrelevant and immaterial. Even if this testimony was objectionable its admission cannot now be considered grounds for reversing the judgment, because testimony to the same effect was admitted from other sources without objection.

[5] The appellant requested the following charge, which was refused: "You will not consider any statements or declarations made by Catherine Hale before the execution of the will dated ———, June 1905, if statements or declarations were made, or after the execution of said will, if executed, nor any declarations or statements made by said Catherine Hale before the execution of the will of date ——— day of ———, 1907, if same was executed, or declarations or statements made after the execution of said will, if executed, but such declarations or statements made by said Catherine Hale, if made, can be considered by you only for the pur-

pose of assisting you in arriving at whether or not Catherine Hale did in fact make a parol gift of the land in controversy to Mattie Sockwell, if said declarations or statements do assist you. Such declarations or statements, if made, cannot be considered by you in considering the probate of the will of 1907, but such testimony, in your deliberations, shall be limited to the issue as to whether or not a parol gift was made by Catherine Hale to Mrs. Mattie Sockwell of the property in controversy." This charge is, to say the least, confusing. In one portion it tells the jury without qualification not to consider any statements made by the testator either before or after the execution of either of the two wills referred to. In the latter part it tells the jury that they should consider such declarations only for the purpose of determining whether or not a parol gift of the lot had been made to Mrs. Sockwell, and for no other purpose. But even if the charge had been properly framed, we do not think the court erred in refusing to give it. Some of the declarations referred to disclosed unfriendly feelings on the part of the testatrix toward the appellant, and a pronounced disinclination to bequeath to him any portion of her property. Such declarations, made at or about the time the instrument offered as a will was executed, are relevant and material, in a contest charging fraud, as tending to show that the testator did not knowingly or willingly make the bequest. It is neither natural nor common for testators to give their property to those toward whom they entertain hostile feelings. Those declarations were circumstances to be considered by the jury. Kennedy v. Upshaw, 66 Tex. 442, 1 S. W. 308; Johnson v. Browne, 51 Tex. 79; Robinson v. Stuart, 73 Tex. 269, 11 S. W. 275; 1 Underhill on Wills, §§ 132, 161. Some of them referred to in the charge were offered by the appellant himself, without any qualification or restriction. It was only after other declarations tending to show a hostile state of mind towards him that he deemed it expedient to ask the court to place the restrictions upon their consideration.

The remaining assignments are overruled, and the judgment is affirmed.