RATLIFF v. WAKEFIELD IRON & COAL LAND IMPROVEMENT CO. (No. 5392.)

(Court of Civil Appeals of Texas. Austin. Dec. 2, 1914.)

1. LANDLORD AND TENANT (§ 24*)—LEASE— DESCRIPTION OF PROPERTY.

A lease of premises, described as a strip out of a designated survey lying west of and

adjoining a survey named containing 115 acres, does not sufficiently describe the land.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 61–65; Dec. Dig. § 24.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Where, in trespass to try title, parol evidence, received without objection, showed that plaintiff's lessees occupied and used the land sued for by virtue of a lease for more than 10 years prior to defendant's claim, the error, if any, in admitting the lease in evidence, based on the fact that it did not sufficiently describe the land, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. TRIAL (§ 85*)—OBJECTIONS—SUFFICIENCY.

An objection to the entire answer of a witness on the ground that it is hearsay is properly overruled, where a part is admissible.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222, 223–225; Dec. Dig. § 85.*]

4. APPEAL AND ERROR (§ 216*)—INSTRUCTIONS—REQUESTS—NECESSITY.

Error, in an instruction in trespass to try title, that if plaintiff has had peaceable and adverse possession for 10 years the verdict must be for him, arising from the failure to define peaceable and adverse possession, is one of omission; and defendant, failing to ask a special charge supplementing it, cannot complain.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

5. APPEAL AND ERROR (§ 499*)—ASSIGNMENTS OF ERROR—INSTRUCTIONS—STATUTES.

Under Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984a, 1954, 1970, 1971, 1973, 1974, 2061), providing for the submission of requested charges before argument, a bill of exceptions to the refusal of a requested charge, which does not show that it was presented in time, presents no question for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

Appeal from District Court, Llano County; Clarence Martin, Judge.

Action by the Wakefield Iron & Coal Land Improvement Company against James Ratliff. From a judgment for plaintiff, defendant appeals. Affirmed.

Flack & Dalrymple, of Llano, and Joe P. Flack, of Menard, for appellant.    J. H. McLean, of Llano, for appellee.

RICE, J.    This suit was instituted by appellee against appellant in the ordinary form of trespass to try title, to recover 115 acres of land in Llano county out of the Samuel Craft league and labor survey, and for $50 per annum rent therefor since the 1st of January, 1904.    Appellee also relied upon the several statutes of limitation, which were specifically pleaded.    Appellant pleaded not guilty, as well as the three and five year statutes of limitation, which last defenses, however, were abandoned.    Both appellee and appellant proved a complete chain of title from the sovereignty of the soil down to themselves, appellant's emanating from the patentee anterior to that of appellee.    The evidence raised the following issues, which were submitted to the jury: (1) That there was no conflict, but that plaintiff's west line and appellant's east line were identical, as shown by the plats in evidence; (2) that the appellant acquiesced in said line as the true division line between the lands· of himself and appellee; (3) that the former owners of appellant's tracts recognized said line as being the true east boundary of their lands, and acquiesced in same, during which time appellee purchased and paid for the land in controversy, whereby appellant is estopped from denying same; (4) that plaintiff had title by virtue of the three, five, and ten years statutes of limitation—and there was evidence supporting these issues, especially the last.    A jury trial resulted in a verdict and judgment in behalf of appellee for the title and possession of the land sued for, together with $148.75, as rent therefor, from which this appeal is prosecuted.

[1, 2] Appellee offered in evidence several leases, to which appellant objected on the ground that they did not sufficiently describe the land sued for.    The same is described therein as follows, to wit:

"A strip out of the Samuel Craft league survey No. 216, lying west of and adjoining the Hardy King survey, containing 115 acres."

These leases were offered in connection with and as tending to support appellee's plea of limitation.    This description, we think, was insufficient, and the objection should have been sustained; but, in our opinion, there was no reversible error in failing to do so for the reason that there was parol evidence offered, without objection, showing that plaintiff's lessees occupied and used the identical land sued for under and by virtue of these leases for more than 10 years prior to appellant's claim thereto, so that, irrespective of the leases, there was competent evidence upon which the jury could have predicated their verdict in appellee's favor.    This being true, he was not injured by the failure of the court to exclude said instruments, and the error was harmless.    See Sockwell v. Sockwell, 166 S. W. 1188, 1190; Watson v. Rice, 166 S. W. 106, 107; Corrigan et al. v. Heubler, 167 S. W. 159; Scott v. Townsend, 159 S. W. 342; rule 62a, Courts of Civil Appeals (149 S. W. x).

[3] It is urged on behalf of appellant in the second assignment that the testimony of Lyman relative to appellee's possession of the land in controversy was hearsay, and should have been excluded upon his objection; but appellee insists, which we think is true, that a part of the answers of the witness complained of was clearly admissible, and, the objections being urged against the

entire answer as a whole, the overruling of the objection was not error, since it was not incumbent upon the court to cull from the entire answer such specific portions thereof as may have been incompetent if same had been specifically objected to.

[4] By the third assignment it is urged that the court erred in its main charge, wherein it attempted to instruct the jury as to the 10-year period of limitation, in that the charge reads:

"If you find that plaintiff has had peaceable and adverse possession of the land described in his petition for 10 years next before the defendant's entry thereon, then if you so find, you will find for the plaintiff"

—without instructing the jury further that the peaceable and adverse possession thereof meant that the plaintiff must have been cultivating, using, or enjoying said land. This being an error of omission merely, it was incumbent upon appellant to ask a special charge supplementing it, and his failure to do so renders the error harmless. We, therefore, overrule this assignment.

[5] The fourth assignment complains of the failure of the court to give appellant's special charge No. 1. It is urged by appellee, however, that this charge should not have been given, because it was on the weight of evidence. Besides, it does not appear from the bill of exceptions taken to its refusal when the charge was presented to the court. For aught that appears in the bill it may have been presented after the argument had been concluded, and for this reason the court may have refused it. Special charges must be prepared and submitted to the court before the beginning of the argument, and where refused, the bill of exception should show this fact in order to properly present the question for review. See Acts 33d Leg. pp. 113, 114; also Eldridge v. Ry. Co., 169 S. W. 375, and Floegge v. Meyer et al., 172 S. W. 194, recently decided by this court, and authorities there cited. For which reason the fourth assignment is overruled.

Finding no reversible error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.