**MITCHELL v. DEANE et al.   (No. 2025.)**

Court of Civil Appeals of Texas.   El Paso.
April 14, 1927.

Rehearing Denied May 5, 1927.

1. **Witnesses ⚜140(9)—Beneficiary's wife held competent to testify as to testator's mental capacity, in suit to set aside probate of will (Rev. St. 1925, art. 3716).**

Wife of testator's son, who was beneficiary under will, *held* not incompetent, under Rev. St. 1925, art. 3716, to testify as to testator's mental capacity, in suit to set aside probate.

2. **Witnesses ⚜139(2)—Beneficiary's husband held necessary party, incompetent to testify, in proceeding to set aside probate of will (Rev. St. 1925, art. 3716).**

Husband of testator's daughter, who was beneficiary under will, was necessary party to proceeding to set aside probate, and hence incompetent to testify under Rev. St. 1925, art. 3716.

3. **Witnesses ⚜76(1)—Failure to object to admission of testimony waives witness' incompetency.**

Failure to object to admission of testimony is waiver of witness' incompetency to testify.

4. **Trial ⚜208—Overruling motion not to consider evidence, not objected to when offered, is discretionary.**

Where no reason is given for not objecting to evidence when offered, overruling of motion to instruct jury not to consider it rests in court's discretion.

On Motions for Rehearing and to Certify.

5. **Witnesses ⚜131—Statute declaring interested witnesses incompetent applies to proceeding to set aside probate of will (Rev. St. 1925, art. 3716).**

Rev. St. 1925, art. 3716, declaring interested witnesses incompetent to testify, applies to proceeding to set aside probate of will.

6. **Courts ⚜247(7)—Ruling that beneficiary's wife was competent witness, in proceeding to set aside probate of will, held not in conflict with Supreme Court holding that party to suit was incompetent.**

Ruling of Court of Civil Appeals that wife of testator's son, who was beneficiary under will, was not incompetent to testify, under Rev. St. 1925, art. 3716, as interested witness, *held* not in conflict with Supreme Court decision holding witness incompetent because he was party to suit.

7. **Courts ⚜247(5)—Court of Civil Appeals need not certify question already decided in same way by Supreme Court.**

Court of Civil Appeals is not required to certify to Supreme Court a question which has already been decided in same way by such court.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Application by Rena Mitchell to set aside a judgment probating a will of Dr. J. H. Mitchell, deceased, and to probate a later will, opposed by Emma G. Deane and others. From a judgment probating the earlier will, applicant appeals. Affirmed.

J. D. Kugle, R. T. Meador, and Wm. M. Cramer, all of Dallas, for appellant.

John Davis, Cockrell, McBride, O'Donnell & Hamilton, and Davis, Johnson & Handley, all of Dallas, for appellees.

HIGGINS, J.   By will dated July 1, 1919, Dr. J. H. Mitchell devised and bequeathed to his six children his estate, share and share alike, naming his son J. B. Mitchell executor. Dr. Mitchell died.   J. B. Mitchell filed application to probate the will, and the same was admitted to probate.

Thereafter the appellant, Rena Mitchell, a daughter of the deceased, filed an application to set aside the judgment probating said will, and offered for probate a will of Dr. Mitchell dated August 25, 1923, and set up that the interested parties under the will previously admitted to probate were Emma G. Deane, née Mitchell, and husband, G. M. Deane, J. B. Mitchell, L. B. Mitchell, J. E. Mitchell, Albertina Mitchell, a minor, sole heir of M. V. Mitchell, deceased, of whom L. B. Mitchell is guardian, and herself.

Appellant was the beneficiary of the last will except for $1 given to each of the other children.

Upon hearing in the county court the judgment probating the will of July 1, 1919, was set aside, and the will dated August 25, 1923, admitted to probate as the last will of Dr. Mitchell.   Upon appeal to the district court the case was tried before a jury, and upon the findings made the will of July 1, 1919, was probated as the last will of the deceased.

[1] Upon the trial Pauline Mitchell, wife of one of the sons of the deceased, was permitted to testify as to the mental capacity of the testator over objection that her testimony was inadmissible, under article 3716, R. S.

It is unnecessary to review the numerous decisions bearing upon the question of her competency as a witness.   She was not a party to the suit and could not properly have been so joined.   She was not an heir at law of Dr. Mitchell, nor a legal representative of his estate.   She had no property interest in the estate.   The interest which her husband had was his separate estate.   This being her status, she was not an incompetent witness,

───────────────────────

⚜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

under article 3716, R. S. Gamble v. Butchee, 87 Tex. 643, 30 S. W. 861.

[2, 3] G. M. Deane also testified. He was an incompetent witness because he was a necessary party to the proceeding, being the husband of Emma G. Deane, Dr. Mitchell's daughter, who was one of his heirs at law and a beneficiary under the first will. Leahy v. Timon, 110 Tex. 73, 215 S. W. 951. His testimony· was admitted without objection and this was a waiver of his incompetency to testify. Walker v. Fields (Tex. Com. App.) 247 S. W. 272.

[4] However, appellant later moved to withdraw his testimony and asked that the jury be instructed not to consider same for any purpose. Error is assigned to the overruling of this motion. No reason is given for failing to object to the evidence when offered. In such case the action of the court upon the motion rested in its discretion, and no abuse thereof is apparent. Mo. Pac. Ry. v. Lamothe, 76 Tex. 219, 13 S. W. 194; Montgomery v. Gallas (Tex. Civ. App.) 225 S. W. 557; Fort Worth & R. G. Ry. v. Andrews (Tex. Civ. App.) 29 S. W. 920; Hatzfeld v. Walsh, 55 Tex. Civ. App. 573, 120 S. W. 526; Postal Tel. Co. v. Harriss, 56 Tex. Civ. App. 105, 121 S. W. 359, 122 S. W. 891; Knights of Maccabees v. Johnson (Tex. Civ. App.) 143 S. W. 718; Sockwell v. Sockwell (Tex. Civ. App.) 166 S. W. 1188.

Affirmed.

## On Motion for Rehearing and to Certify.

[5] The only error assigned in the motion for rehearing is the ruling that Pauline E. Mitchell, wife of one of the sons of the deceased, was a competent witness in this proceeding. It is asserted she was incompetent to testify, under article 3716, R. S., because she was an interested witness. Appellant moves to certify the question at issue to the Supreme Court because of conflict with cases herein mentioned. There is no doubt that Article 3716, R. S., applied to this proceeding. Gamble v. Butchee, 87 Tex. 643, 30 S. W. 861; Leahy v. Timon, 110 Tex. 73, 215 S. W. 951.

In Gamble v. Butchee, one of the questions presented was whether the wife of a legatee was competent as a subscribing witness to testify to the execution of the will in a proceeding to probate such will. After holding the statute applied to the proceeding, Justice Brown said:

"If it be admitted that the wives of the legatees are interested, this would not disqualify them as witnesses, because interest does not disqualify in such case. The legatees themselves are not disqualified by interest to testify to the execution of the will, in cases where they are not witnesses to its execution, and they could prove its execution as could any other witnesses. Martin v. McAdams [87 Tex. 225] 27 S. W. 255. The wives are not disqualified to testify as witnesses in the matter because their hus-

bands are parties to the proceeding, for the reason that the property to be received by the husband would be their separate property, and the case does not come within the doctrine of Simpson v. Brotherton, 62 Tex. 170. Under the statute a wife may testify in favor of her husband, who is a party, she not being a party, to matters which transpired between him and a deceased person whose heirs or legal representatives are parties."

[6] It is asserted the ruling of this court is in conflict with Leahy v. Timon, supra, and decisions by other courts of Civil Appeals in Tannehill v. Tannehill, 171 S. W. 1050, Skeeters v. Hodges, 270 S. W. 907, Pellum v. Fleming, 283 S. W. 531, and Shelton v. Shelton, 281 S. W. 331.

There is no conflict with Leahy v. Timon, for in that case the witness was held incompetent, not because of interest but because he was a party to the suit.

In Simpson v. Brotherton, 62 Tex. 170, cited in Gamble v. Butchee, the witness, a wife of one of the litigants, had a community interest in the subject-matter of the litigation. Chief Justice Willie said the husband was representing her community interest, and she was, to all intents and purposes a party to the litigation as if formally joined and should be treated as such, and, therefore, incompetent to testify. In other words, she was a party by representation.

A variation of the statute as it affects parties was applied in Heirs of Reddin v. Smith, 65 Tex. 26, where the husband of a litigant from whom he was separated, but not divorced, was held to be an incompetent witness because he was a proper party plaintiff.

The decisions by Courts of Civil Appeals, with which it is asserted the ruling of this court is in conflict, broadly assert that the wife of a litigant is an incompetent witness under the statute because of interest. In some of the cases this statement was not necessary to the decision, for the witness was incompetent because she was either a party in fact or by representation through the husband, under the doctrine of Simpson v. Brotherton.

[7] However this may be, the question is controlled by Gamble v. Butchee. We are not required to certify a question which has already been decided by the Supreme Court. The duty to certify arose in the cases cited by appellant announcing a rule contrary to the decision of the Supreme Court. It is not imposed upon this court when its decision follows that of the Supreme Court. Yoacham v. McCurdy, 27 Tex. Civ. App. 183, 65 S. W. 213; Lock v. Bank (Tex. Civ. App.) 165 S. W. 536; Village Mills Co. v. Houston Oil Co. (Tex. Civ. App.) 186 S. W. 785; Stark v. J. M. Guffey, etc. (Tex. Civ. App.) 80 S. W. 1080; and Id., 98 Tex. 542, 86 S. W. 1, 4 Ann. Cas. 1057.

The motions for rehearing and to certify are overruled.