## VALENTINE v. MITCHELL. (No. 2070.)

Court of Civil Appeals of Texas. El Paso.
Oct. 20, 1927.

Rehearing Denied Nov. 10, 1927.

**1. Brokers $\Longleftrightarrow$88(2)—Letters held not to present issue of rejection of original agreement to pay $1 commission per bale on cotton sold.**

Where letters and telegrams established agreement to pay plaintiff commission of $1 per bale on cotton sold to named person during season of 1920 and 1921, no issue of rejection was presented by defendant's subsequent letter stating commission to be paid was 50 cents per bale where plaintiff's letter evidenced refusal to assent to change.

**2. Brokers $\Longleftrightarrow$9—Contract in spring of 1920 to cover "coming [cotton] season" held not to terminate July 31 as season terminates under general custom.**

Where contract to pay plaintiff commission of $1 per bale on cotton sold by defendant to

named person was to cover season of 1920 and 1921, since defendant's letter of March 26, 1920, showed contract was to cover the "coming season," contract did not terminate following July 31 as it would otherwise have terminated under general custom that cotton season terminates July 31 of each year.

**3. Trial $\Longleftrightarrow$91—Overruling motion at close of evidence to strike letter because carbon copy, admitted without objection, was secondary proof held within discretion.**

Where letter was proved by carbon copy without objection, overruling motion, at close of evidence, to strike letter because of secondary nature of proof was within trial court's discretion where no reason was suggested for failing to urge objection when copy was offered.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by Frances Warren Mitchell, individually and as next friend of Fern Wood Mitchell, against H. W. Valentine. From a judgment for plaintiff, defendant appeals. Affirmed.

Davis, Synnott & Hatchell, of Dallas, for appellant.

Hexter, Rice & Hexter, Wm. Flippen, and J. B. Adoue, Jr., all of Dallas, for appellee.

HIGGINS, J. Fern Wood Mitchell sued appellant, Valentine, to recover $1,400, alleging that the parties entered into a written contract whereby defendant, in consideration of plaintiff obtaining for defendant an account with Elmore-Brane & Co., agreed to pay plaintiff a commission of $1 per bale on each bale of cotton sold by defendant to Elmore-Brane & Co. during the season of 1920 and 1921, and that during said season defendant sold to Elmore-Brane & Co. 1,400 bales.

Upon trial without a jury judgment was rendered in plaintiff's favor as prayed for.

The contract was made by correspondence, and it is first insisted that it fails to show a meeting of the minds of the parties so as to constitute a contract.

[1] Without detailing the correspondence it is sufficient to say that the letters and telegrams of March 22, 23, and 26, and April 6, all in 1920, establish a complete meeting of the minds of the parties upon the proposition that if Mitchell would obtain the account for defendant the latter would pay the commission alleged. This correspondence presents no issue of a rejection by Mitchell of the original offer of Valentine and a counterproposal by Mitchell. The subsequent letter of Valentine dated April 10th, wherein he stated that the commission to be paid was 50 cents per bale, could not, without Mitchell's consent, change the terms of the agreement theretofore made to pay $1 per bale. Mitchell refused to assent to the change as evidenced by his reply dated April 16th. These two letters of April 10th and 16th simply evi-

dence an effort on Valentine's part to reduce the amount of the commission theretofore agreed to be paid and Mitchell's refusal to assent thereto. They have no controlling effect upon the plaintiff's right of recovery.

[2] The cotton season extends from August 1st to July 31st of each year. The contract was made in the spring of 1920. The 1,400 bales upon which recovery of commission is sought were sold to Elmore-Brane & Co. subsequent to July 31, 1920. It is the custom in the cotton business that contracts such as sued upon terminate with the current cotton season unless otherwise provided.

This custom avails appellant nothing for his letter of March 26, 1920, shows plainly that the proposed contract was to cover the "coming season," hence it did not terminate July 31, 1920, as it would otherwise have done under the general custom.

[3] Mitchell's letter of April 16th was proved by carbon copy. When offered, no objection was made upon that ground. The next day after the close of the evidence the defendant moved to strike out the letter because of the secondary nature of its proof. This motion was overruled. No reason is suggested for failing to urge the objection to the copy when offered, and the court in the exercise of the discretion vested in it in such cases did not err in overruling the belated motion. Mitchell v. Deane (Tex. Civ. App.) 294 S. W. 347.

Affirmed.