## DALLAS RY. & TERMINAL CO. v. WELLS.
### No. 2836.

Court of Civil Appeals of Texas. El Paso.
May 18, 1933.

Rehearing Denied June 1, 1933.

Allen Charlton and Worsham, Rollins, Burford, Ryburn & Hincks, all of Dallas, for appellant.

Geo. Sergeant and Garland Armstrong, both of Dallas, for appellee.

HIGGINS, Justice.

Mrs. Wells was a passenger upon a street car in Dallas. The car was proceeding across the Oak Cliff viaduct when the trolly became disengaged, slowing the car down so that it came to a complete stop or almost so. A short distance behind was another street car traveling at a rapid rate of speed. The rear car ran into the car upon which Mrs. Wells was riding, the impact severely injuring her. This action is to recover the damages resulting from such injuries.

Issues were submitted inquiring whether the motorman of the rear car operated same at a great rate of speed immediately prior to the collision, and whether the motorman in charge of said car failed to keep the same under proper control at the time and upon the occasion in question.

Conditional upon affirmative answers thereto supplementary issues were submitted inquiring whether the great rate of speed and failure to keep such car under proper control constituted negligence and proximate causes of the plaintiff's injuries. All such issues were answered in the affirmative.

Error is assigned to the submission of these issues upon the ground that there is no pleading that the negligence of the motorman of the rear car consisted in operating the same at a great rate of speed or that such negligence consisted of a failure to have the car under proper control and that such acts of negligence proximately caused the injuries complained of.

Plaintiff pleaded negligence in a number of particulars and upon examination thereof we find no allegation of negligence in the operation of the rear car at a great rate of speed.

The allegations of negligence are lengthy and appellee in her brief quotes isolated portions thereof in support of the court's action in submitting the issue as to a great rate of speed but upon examination it will be found they are insufficient to tender such issue.

As we interpret the pleadings, they do not charge that the street car operator on the rear car was negligent in operating the car "with great and violent and unusual movement and speed," but it is charged that he "negligently, wrongfully and carelessly used the power and mechanism and controls thereon," so that instead of the car gradually coming to a stop before the collision it continued on with great force and speed, striking the front car. The speed is alleged as the re-

sult of the alleged negligent use of the appliances for stopping the car.

But we are of the further opinion that the petition does sufficiently charge negligence upon the part of the motorman of the rear car in failing to have such car under proper control and that such negligence was a proximate cause of the injuries. The findings upon these issues support the judgment against defendant and the error in submitting the rate of speed as a ground of negligence is harmless.

The sixth proposition asserts that issue No. 5 is a mere repetition of issue No. 4.

No such objection was urged in the court below and it cannot be raised for the first time upon appeal.

Furthermore we are of the opinion that if the criticism is well founded no harm could possibly have resulted and the error is therefore harmless. San Antonio & A. P. Railway Co. v. Corley, 87 Tex. 432, 29 S. W. 231; Dallas R. & T. Co. v. Garrison (Tex. Civ. App.) 30 S.W.(2d) 1108; Id. (Tex. Com. App.) 45 S.W.(2d) 183.

There was testimony to the effect that one of Mrs. Wells' legs gave way with her at times, causing her to fall and that she had a knot upon her back.

Issue No. 8 submitted the amount of damages. It was objected thereto that it did not exclude this testimony from the consideration of the jury, the pleadings being insufficient to admit such testimony. We think the testimony was admissible as evidence in support of the injuries alleged by plaintiff; that it cannot be properly considered as proof of an injury not alleged as in the cases cited by appellant in this connection.

Furthermore the testimony was admitted without objection. If it was inadmissible, objection should have been made when it was offered. No reason appears why timely objection was not made. In such cases a motion to exclude inadmissible testimony previously admitted rests in the discretion of the court. No abuse of such discretion is shown, and for this additional reason propositions 9, 10, 11, and 12, are overruled. Mitchell v. Deane (Tex. Civ. App.) 294 S. W. 347, Id. (Tex. Com. App.) 10 S.W.(2d) 717.

The thirteenth proposition asserts the award of $5,000 for the injuries sustained is excessive. We think the evidence amply supports the award made.

The undisputed evidence shows that the operator of the rear car was acting in the course of his employment by defendant, for which reason the fourteenth proposition is overruled.

[8] The plaintiff pleaded that for medical attention and drugs she had incurred an ex-

pense of $250 and that, for like purpose, she would incur a future expense of $500.

The court submitted only the item first mentioned and the jury awarded $500, upon which a remittitur of $20 was later entered.

By the fifteenth proposition appellant submits that in the state of the pleadings the judgment for $480, expense for medical attention and drugs, is excessive and fundamentally erroneous. The error is obvious and apparent upon the face of the record. The award of damages for medical attention and drugs will be reduced to $250.

The judgment is therefore reformed so as to award damages in the total sum of $5,250, with interest from date of judgment in the court below.

Reformed and affirmed.