**COLLINS v. SMITH et al.**

No. 11262.

Court of Civil Appeals of Texas. San Antonio.

March 17, 1943.

Rehearing Denied April 14, 1943.

redacted blocks

Crain, Vandenberge & Stofer, of Victoria; and Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Merrill & Scott, of Houston, and J. W. Ragsdale, of Victoria, for appellees.

MURRAY, Justice.

This suit was instituted by Roen I. Smith and seven of his sisters and brothers, suing as the sole surviving heirs at law of Clarence Smith, deceased, against Ed A. Collins, seeking to recover damages on account of the death of the said Clarence Smith, which resulted from a collision between two automobiles on the public highway between Victoria and Goliad, on the 10th day of July, 1941, about four miles west of the city of Victoria.

From a judgment in favor of the plaintiffs and against the defendant on the verdict of a jury for $9,908.59, being $9,000 for conscious physical pain suffered by the deceased between the time of the collision and the time of his death, $633.59 for doctor's and hospital bills and burial expenses, and $275 damages to the truck in which Clarence Smith was riding, the defendant has prosecuted this appeal.

By appellant's first two points he contends that the evidence was insufficient to support the finding of the jury that Clarence Smith's injuries and death were proximately caused by the negligence of George Edge, who was the driver of appellant's truck at the time of the collision. We overrule these two points. The evidence shows that Clarence Smith was going west about four miles out of Victoria on the Goliad Road and Edge, the driver of appellant's truck, was going east on the same highway. The collision occurred at a point where the highway makes a curve, the bow of which is to the north. This would place Edge on the inside of the curve and Smith on the outside of the curve as they approached each other. No eyewitness testified as to how the collision occurred. Smith died a short time after the collision and Edge was so badly injured he had no recollection concerning the collision. The trucks were found, shortly after the collision, partly off the north edge of the pavement, which was the wrong side of the road for Edge. The trucks had gone together with a terrific impact.

O. D. Jackson, a State Highway Patrolman, who arrived at the scene of the wreck shortly after the collision, testified that due to a light rain that had fallen that morning he was able to trace the tracks of the truck driven by Edge and that these tracks disclosed that about seventy feet back from the Collins car it had crossed the mid-strip of the road and gone from there straight to where the collision occurred. This evidence alone justified the jury in answering special issue No. 4 to the effect that Edge failed to pass the truck in which Clarence Smith was riding on the right and to give to the Smith truck one-half of the paved portion of the road. The jury further found such failure was negligence and a proximate cause of the collision. These findings alone convict Edge of negligently causing the collision.

Appellant further contends that the evidence is insufficient to show that Clarence Smith suffered any conscious physical pain. We overrule this contention. The ambulance driver testified that while he was conveying Clarence Smith from the place of the collision to the hospital in Victoria he asked what happened, indicating that he was conscious. The witness Paul U. Lee testified that he visited Clarence Smith at the hospital and thought he was in pain from the way he groaned and drew his face and mouth. When Lee would tell him to "Lay quiet and rest yourself" he would do so. The appellees, Roen I. Smith, G. Basil Smith, Alberta Smith and W. Monroe Smith and Mrs. Monroe Smith, each testified that they had each been with Clarence Smith in the hospital, had talked to him, and had observed

his appearance and his actions; and each gave it as his or her opinion that Clarence Smith was suffering pain. We think the evidence was sufficient to raise the issue of conscious physical pain and suffering.

Appellant attempts to raise the question that the verdict of $9,000, for conscious pain and suffering, was unreasonable and excessive, but as this point is not based upon any contention presented to the trial court in the motion for a new trial, it cannot here be considered.

▆▆ Appellant next contends that the issue of unavoidable accident should have been submitted to the jury. We overrule this contention. There was no evidence that something other than the negligence of one of the parties caused the collision and therefore the issue of unavoidable accident was not raised. Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790.

▆▆ Appellant contends that the evidence was insufficient to raise the issues of proper lookout, failure of the driver of appellant's truck to pass the Smith truck on the right and to give it one-half of the paved road, or of excessive speed by the driver of appellant's truck at the time of the collision. We overrule this contention; the evidence introduced and the physical facts and circumstances of the collision are sufficient to raise each of these issues. However, as above stated, the evidence shows that Edge was driving on the wrong side of the road at the time of the collision and that he failed to yield one-half of the paved portion of the highway to the Smith truck and to pass it on the right. These facts alone would support the judgment and it becomes immaterial whether or not he was keeping a proper lookout or driving at an excessive rate of speed.

▆▆ Appellant contends that the court should have excluded the testimony of Roen I. Smith, Alberta Smith, G. Basil Smith, W. Monroe Smith and Mrs. Monroe Smith as to whether or not Clarence Smith suffered conscious pain between the time of the collision and his death, because it was but the opinion and conclusion of the witnesses. We overrule this contention. The witnesses related the facts and circumstances upon which they based their opinions and having done this they could properly state their conclusions. Karotkin Furniture Company v. Decker, Tex.Civ.App., 32 S.W.2d 703, affirmed Tex.Com.App., 50 S.W.2d 795; Ineeda

Laundry v. Newton, Tex.Civ.App., 33 S.W. 2d 208; Missouri, K. & T. R. Co. v. Coker, Tex.Civ.App., 143 S.W. 218.

▆▆ Appellant further contends that these witnesses, being parties to the suit and suing as heirs of Clarence Smith, should not have been permitted to give this testimony as it related to transactions with the deceased, and that such testimony should have been excluded under the provisions of Art. 3716, Vernon's Ann.Civ. Stats. Appellant did not object to the evidence at the time it was offered, on the ground that it was incompetent testimony under the provisions of said Art. 3716, but only raised this question by a motion to strike after the testimony had already been introduced. The motion to strike came too late. The provisions of Art. 3716 can be waived, and when waived such testimony is admissible and has probative force. Cox v. McClave, Tex.Civ.App., 22 S.W.2d 961; Parker v. Allison, Tex.Civ. App., 22 S.W.2d 338; Mitchell v. Deane, Tex.Civ.App., 294 S.W. 347; Hein v. De Busk, Tex.Com.App., 277 S.W. 1053; Besteiro v. Besteiro, Tex.Com.App., 65 S. W.2d 759; McCormick & Ray, Texas Law of Evidence, p. 245, § 162; Adam v. Adam, Tex.Civ.App., 127 S.W.2d 1001; 14 Tex. Jur. p. 329, § 544.

Accordingly, the judgment of the trial court will be affirmed.